Martin Evans, J.
After execution of a separation agreement on October 21, 1971, plaintiff wife commenced this action for a conversion divorce alleging, inter alia, that the support and maintenance for plaintiff and the 20-year-old child of the marriage as provided for in the terms are now inadequate by reason of changed circumstances of the parties, particularly with respect to the income and assets of the defendant. It is apparent that she is claiming that defendant’s income and assets have increased since the parties separated. She has served a notice to examine defendant as to his income and assets.
Defendant has moved to vacate the notice of examination and under CPLB, 3211 (subd. [a]) to dismiss that portion of the claims seeking an award above the amount provided in the agreement.
The real question at issue is the effect to be given to the support provisions in the 1971 separation agreement. Plaintiff seeks to have them entirely disregarded. Defendant claims they are binding on the parties and on the court.
There is no doubt that a court has the power to review a prior decree of divorce where circumstances have changed between the parties. In such a case the party alleging the change has the burden of proof. Nor is there doubt that a court in an action .to convert a separation decree into a divorce has the power and duty to treat the question of support as if it arose anew, with *521 out the burden of showing a change of circumstances being on the plaintiff (Kover v. Kover, 29 N Y 2d 408).
An agreement between the parties if merged into the decree of separation or divorce and having, thereafter, no independent standing, in no way affects the power of the court to consider an application for a modification.
However, where a valid agreement is incorporated into a decree but is not merged therein, the power of the court becomes limited and the burden of showing on the party seeking the change is correspondingly greater. In McMains v. McMains (15 N Y 2d 283) where a valid separation agreement whose terms were incorporated into a divorce decree but which survived the decree, it was held that a wife who sought an increase of support had the burden of showing that she would be unable to support herself on the amount allowed and would be in danger of becoming a public charge. Where sufficient need appears oh either side such a decree may be modified, without a discussion of the remaining effects of the agreements.
A settlement agreement adequate at the time it was made and contractually effective between the parties must be given effect by the court (Galusha v. Galusha, 116 N. Y. 635), unless it is in violation of law (see General Obligations Law, § 5-311) or was or becomes by reason of change of circumstances improvident as to either party within the meaning of the decided cases (see McMains v. McMains, 15 N Y 2d 283, supra; Goldman v. Goldman, 282 N. Y. 296; Schmelzel v. Schmelzel, 287 N. Y. 21).
In the sole case to the contrary (Margolis v. Margolis, 35 A D 2d 817), the court gives no basis for its determination and it does not appear that the plaintiff therein continued to rely on the existing separation agreement.
As a matter of general policy, it is proper and appropriate to give such effect to a separation agreement, particularly one such as the instant one, entered into at a time when each party presumably knew it would be used as the basis for a conversion divorce. The agreement has not been repudiated.
• If despite the existence of a separation agreement either party was entitled to litigate at will, there 'would be few persons who would enter into such agreements and the .legislative policy encouraging peaceful, nonlitigation settlements would not be furthered.
As to the plaintiff wife there has been no sufficient showing of a change of circumstances nor an allegation thereof to warrant the relief sought by her. Such a showing is required on a motion to dismiss and on a motion for a protective order such as these. The infant child of the parties is, of course, not a party *522 to the agreement and ordinarily would be entitled to support based on alleged assets of defendant. However, it appears that she is more than 20 years old and the matter of her support would be best resolved at trial.
The motions are accordingly granted as follows: motion to vacate the notice of deposition is granted and the motion to dismiss so much of the complaint seeking increased support is granted as it pertains to plaintiff wife and denied as pertains to the child of the marriage.