Raymond J. Barth, J.
The above matter came before this court on November 6, 1975 at which time petitioner and respondent appeared with their respective attorneys. The respondent made a motion to dismiss the modification petition filed by petitioner on the 3rd day of February, 1975. Said petition sought to modify downward the support order of the Supreme Court which was contained in the judgment of divorce issued by that court on September 6, 1974.
The order of the Supreme Court incorporated a stipulation made by the parties during the course of the divorce proceeding. Pursuant to this agreement, the petitioner agreed to pay $130 per week, at the rate of $32.50 per child, as child support which would be paid into the Support Bureau and disbursed to the respondent.
The petition alleged two changes of circumstances since the issuance of the Supreme Court order:
1) that he is currently unemployed and it would not be feasible to maintain the stated amount of support and,
2) that he would be unable to provide the amount of support of said Supreme Court order even while employed on a full time basis.
The respondent contends that the stipulation made before the Supreme Court, which was incorporated and merged into the judgment of divorce, is binding upon the parties and that this court is without jurisdiction to modify the stipulation in any material detail without the assent of both parties, absent a showing of fraud or overreaching.
However, this court is unwilling to subscribe to the contention of the respondent for several reasons. Subdivision (b) of section 461 of the Family Court Act expressly gives this court jurisdiction to: "(ii) entertain an application to modify such order on the ground that changed circumstances require such modification, unless the order of the Supreme Court provides that the Supreme Court retains exclusive jurisdiction to enforce or modify the order.”
The judgment of divorce does not provide that exclusive jurisdiction to enforce or modify the order has been retained by the Supreme Court and so there is no statutory impediment to the exercise of jurisdiction by Family Court. However, *765 the respondent claims that since the order of support was based on a stipulation made between the parties rather than on a judicial determination by the Supreme Court, such order takes on the character of a private contract which therefore cannot be modified by this court.
It appears that the respondent’s characterization of the nature of the agreement is not valid. It is important to note that the stipulation entered into by the parties was expressly merged into the judgment of divorce, and as such "has no independent standing, (and) in no way affects the power of the court to consider an application for modification.” (Donneson v Donneson, 76 Misc 2d 520, 521, affd 43 AD2d 553.) It is only in a case where the agreement is incorporated into the decree but is not merged therein, where the power of the court becomes limited. (McMains v McMains, 15 NY2d 283.)
Even assuming arguendo, that the stipulation had independent standing, it could still not limit the exercise of jurisdiction under subdivision (b) of section 461 of the Family Court Act when child support is in issue.
None of the cases cited by the respondent are applicable to the issue at hand because they deal with questions of alimony and the support of the wife. We are concerned in the instant matter with a substantially different issue.
This court has a duty to provide for the welfare and support of minor children which cannot be superseded by any agreement between the parties legally chargeable with such support, Moat v Moat (27 AD2d 895) and the judicial provision for the welfare of such children must be made "as justice requires,” (Kulok v Kulok, 20 AD2d 568, 569). A child is not bound by the separation agreement and a change in circumstances may warrant a change in his decreed support. (Matter of Juliette S. v William S., 79 Misc 2d 765.)
Since the portion of the agreement that is in issue in this case solely concerns child support, the petitioner is entitled to a modification of this provision if he can sustain the burden of showing a change in circumstances.
Accordingly, the respondent’s motion to dismiss is hereby denied and a trial date has been set for September 16, 1976 at 2:00 p.m. At that time, both the petitioner’s application for a modification of the Supreme Court order and the respondent’s petition for the enforcement of same shall be heard.