B. Thomas Pantano, J.
This is a motion by defendant wife for support pendente lite and payment of medical, dental and drug bills incurred prior to the institution of this action, for exclusive use and occupancy of the marital residence pendente lite, for examination before trial as to the plaintiff husband’s finances, and to require the plaintiff husband to supply a sworn statement of his current net worth.
Taking the items of relief requested in inverse order, the plaintiff husband appears not to oppose so much of the motion as requests a sworn statement by plaintiff of his net worth. Accordingly, plaintiff is directed to serve and file such statement within 15 days after service upon him of a copy of the order to be entered hereon.
Defendant’s request for examination before trial of the plaintiff as to his finances is opposed by plaintiff on the grounds that special circumstances have not been shown, and that section 250 of the Domestic Relations Law does not require a party to a matrimonial action to submit to examination.
Plaintiff further argues that the Appellate Division has interpreted section 250 of the Domestic Relations Law merely to require the filing of a net worth statement with the filing of a note of issue and statement of readiness (22 NYCRR 699.12).
This action was instituted after September 1, 1975. Therefore, section 250 of the Domestic Relations Law is applicable.
Although there is no question that section 250 of the Domestic Relations Law requires the filing of a sworn state *579 ment of net worth by each party, prior to trial, when alimony or support is an issue, the court does not agree that this is the entire thrust of section 250 of the Domestic Relations Law.
That section reads, in part, as follows: "In all matrimonial actions and proceedings commenced on or after September first, nineteen hundred seventy-five in supreme court in which alimony or support is in issue and all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered.”
That section goes on to provide: "A sworn statement of net worth shall be filed by each party, prior to trial, in the court in which the procedure is pending.”
The section also specifies what information is to be included in the statement.
If the thrust of the entire section was merely to require the filing of the sworn statement, the first two sentences would be superfluous. The Legislature must have meant something more.
CPLR 3102 (subd [a]), defines the disclosure devices as follows: "(a) Disclosure devices. Information is obtainable by one or more of the following disclosure devices: depositions upon oral questions”. The court construes "compulsory disclosure” as used in section 250 of the Domestic Relations Law to mean that where alimony or support is in issue, a party to a matrimonial action may utilize any disclosure device provided for in the CPLR.
In the court’s opinion, the reference to disclosure must be to a disclosure device as defined in CPLR 3102 (subd [a]), rather than the statement required to be filed by section 250 of the Domestic Relations Law.
Again, as noted if the thrust of the section was merely to require the filing of the sworn statement the first two sentences of the section would not have been necessary.
The court concludes that it was the legislative intent in enacting section 250 of the Domestic Relations Law to permit disclosure by any appropriate disclosure device of the financial status of a party to a matrimonial action wherein alimony or support is an issue, without requiring any showing of special circumstances.
This action is brought by the husband. Although if plaintiff *580 is ultimately successful the court cannot award alimony, the court notes that if he is unsuccessful and matrimonial relief is denied him the court may award alimony (Field v Field, 50 Misc 2d 732).
Alimony is, therefore, an issue in this action.
So much of the motion as requests an examination before trial of the plaintiff as to his finances is granted. Plaintiff shall appear and be examined before trial as to his financial state as set forth in the order entered hereon.
With respect to the remainder of the motion, so much thereof as requests exclusive occupancy of the marital residence is denied.
So much of the motion as requests alimony pendente lite is granted to the extent that the plaintiff is directed to pay to the defendant for her support the sum of $60 per week commencing on November 21, 1975, and payable weekly thereafter in advance, in addition to which plaintiff is directed to pay the carrying charges on the marital residence together with fuel and utility bills, exclusive of telephone service.
So much of the motion as requests that the plaintiff be directed to pay medical expenses of the defendant incurred prior to the institution of this action is referred to the trial court. The amounts set forth in the moving papers are merely approximations.