■ FELIX SHIFFMAN, Appellant, v MIRA SHIFFMAN, Respondent.—Order, Supreme Court, New York County, entered December 1, 1976, denying plaintiff's motion for a protective order, unanimously reversed, on the law, without costs and without disbursements, and motion granted. Plaintiff brought an action for conversion divorce based upon the parties' 1972 separation agreement. The defendant counterclaimed to rescind the separation agreement on the ground that she was coerced into signing it at a time

when she was heavily dependent upon drugs. Thereafter, the defendant served the plaintiff with a notice to examine him with regard to his income and assets. The plaintiff promptly moved for a protective order to vacate that notice as premature, but the lower court denied that motion for plaintiff's failure to advance a valid reason in support thereof. Section 250 of the Domestic Relations Law provides, to the extent here relevant, that: "In all matrimonial actions and proceedings commenced on or after September first, nineteen hundred seventy-five in supreme court in which alimony or support is in issue and all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states. No showing of special circumstances shall be required before such disclosure is ordered." While the plaintiff has clearly brought a matrimonial action for divorce (CPLR 105, subd.[o]), alimony will not become an issue in this proceeding unless and until the support terms of the separation agreement are set aside (*Moat v Moat,* 27 AD2d 895). If the support terms are set aside, the defendant may then move for such disclosure as is advisable. Concur—Murphy, P. J., Silverman, Capozzoli, Lane and Markewich, JJ.