■ AASE EIKEVIK, Individually and as Administratrix of the Estate of TORDES EVENSEN, Deceased, Respondent, v MABAJYOTI KAKATI et al., Defendants, and ERIC ENTIN, Appellant.—In an action to recover damages for wrongful death and personal injuries predicated upon medical malpractice, defendant Eric Entin appeals from an order of the Supreme Court, Nassau County, dated February 17, 1977, which denied his motion to preclude plaintiff from offering any evidence of particulars which had been demanded, or, in the alternative, for a further bill of particulars. Order affirmed, with $50 costs and disbursements. Special Term properly exercised its discretion in denying the motion for an order of preclusion or for a further bill of particulars. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ IRENE H. FARRELL, Appellant, v THOMAS F. FARRELL, Respondent.— In a matrimonial action in which plaintiff had previously been awarded a judgment of divorce, she appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County, dated October 12, 1976, as denied the branch of her motion which sought a prehearing examination of defendant-respondent, her former husband, and certain other named individuals, concerning his financial circumstances and (2) a further order of the same court, dated November 24, 1976 (amending an order of the same court dated November 15, 1976) as, upon reargument, adhered to the original determination. Appeal from the order dated October 12, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order made upon reargument. Order dated November 24, 1976 modified by striking therefrom the word "denied" and by substituting therefor provisions that, upon reargument, the said branch of the motion is granted only to the extent of permitting a prehearing examination of the defendant as to his income and financial circumstances, and requiring him to produce all books, records and documents relevant thereto, and that the motion is otherwise denied. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The prehearing examination of the defendant shall proceed at a time and place to be fixed in a written notice of not less than 10 days to be given by the plaintiff, or at such other time and place as the parties may agree. The time within which plaintiff may serve such notice is extended until 30 days after entry of the order to be made hereon. The plaintiff is entitled to a prehearing examination of the defendant concerning his present income and financial circumstances (see Domestic Relations Law, § 250; *Grant v Grant,* 84 Misc 2d 577). However, she is not entitled to examine the other individuals named in her order to show cause dated September 2, 1976. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.