■ CHRYSLER CORPORATION, Respondent, v FEDDERS CORPORATION, Appellant.—Order, Supreme Court, New York County, entered December 21, 1977, denying defendant's motion for a protective order, unanimously reversed, on the law, and the motion granted, with $40 costs and disbursements to appellant. Only one week after serving the summons and complaint and without issue having been joined, plaintiff served a notice of discovery and inspection. Many of the items of the demand are improper and in the context of this record, such demand can be characterized as prolix and burdensome. The remedy under these circumstances is not pruning of the demand by Special Term by eliminating some items, but rather vacatur of the entire demand (see *Carroad v Regensburg,* 17 AD2d 734). Aside from the difficulty, if any, which might be encountered in applying the tenet of CPLR 3101 (subd [a]) that "There shall be full disclosure of all evidence material and necessary" in the absence of issue being joined,* this record reveals the continued wisdom of our observations in *Rios v Donovan* (21 AD2d 409). Specificity and particularization are the hallmarks of a notice of discovery under CPLR 3120 (subd [a]). Plaintiff's notice of discovery herein lacks these hallmarks in numerous respects. The surreply brief of plaintiff was considered by this court, notwithstanding violation of our rules, and had no impact on the ultimate conclusion made herein. Concur—Lupiano, J. P., Birns, Silverman, Fein and Sullivan, JJ.

---

* Issue was subsequently joined on February 10, 1978, long after Special Term denied defendant's motion for a protective order.