■ THERESA GLEESON, Appellant, v JOHN GLEESON, Respondent.—Ap-

peal from an order of the Supreme Court at Special Term, entered August 11, 1978 in Schenectady County, directing that certain items noticed for examination before trial were unnecessary, irrelevant and remote, and that defendant did not have to disclose his pretrial finances. Plaintiff and defendant entered into a separation agreement on April 2, 1976 which provided that the agreement was to be incorporated, but not merged in any subsequent divorce decree. On July 16, 1976, plaintiff commenced an action for fault divorce and thereafter, on August 24, 1977, plaintiff commenced an action to enforce the terms and provisions of the separation agreement. These two actions were consolidated for trial. A note of issue was filed by defendant, and plaintiff has not moved to strike the note of issue. Thereafter, an order was entered by consent, directing an examination before trial to be held on March 10, 1978. The notice of examination before trial demanded production of numerous, extensive and duplicate exhibits relating to defendant's finances. Defendant made a motion returnable March 15, 1978 for a protective order denying certain items of disclosure requested in the notice of examination before trial. This appeal is from the order of Special Term which limited the scope of financial disclosure permissible relative to the income and assets of defendant, and as to the medical partnership in which he participated. That order provided, in part, that disclosure was denied for all items requested for the years prior to 1975, and granted a protective order as to any records of the partnership requested as to the medical partnership of the defendant, except that he shall produce partnership K-1 income tax forms for 1975 to the present. Section 250 of the Domestic Relations Law requires financial disclosures in matrimonial actions "in which alimony or support is in issue". The statute does not apply where neither alimony nor support is in issue (*Brenner v Brenner,* 53 AD2d 831). Where there is an existing separation agreement, the provisions of which are to be incorporated but not merged in a subsequent divorce, the issue of support is set by contract, and that issue should not be litigated in the matrimonial action (*Shiffman v Shiffman,* 57 AD2d 519). "Alimony will not become an issue * * * unless and until the support terms of the separation agreement are set aside." (*Shiffman v Shiffman, supra,* p 520; cf. *Moat v Moat,* 27 AD2d 895.) Since neither alimony nor support were an issue here, section 250 of the Domestic Relations Law did not apply. In addition, in this action there was an extensive and searching two-day examination before trial. During the examination, considerable testimony was elicited relating to the medical partnership and defendant's interest in it. Defendant produced canceled checks, a check register, savings account records, Federal and State income tax returns, a summary of his Keogh plan, and K-1 partnership income tax forms. Plaintiff has been allowed an examination of defendant, and received for inspection all relevant records and documents. Full and fair disclosure has been granted (*Garrel v Garrel,* 59 AD2d 885; *Farrell v Farrell,* 57 AD2d 914). The protective order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.