■ RIMONA KAYWOOD, Appellant, v ANIS KAYWOOD, Respondent.—In an action, inter alia, for a divorce, plaintiff appeals from an order of the Supreme Court, Nassau County, dated November 9, 1979, which granted

defendant's motion for a protective order to the extent of (1) providing that the defendant need not produce the records, etc., sought in Items Nos. 3, 4, 8, 10, 12, 16, 19, 20 and 21 of the rider to plaintiff's cross notice to take oral deposition, and (2) limiting those remaining items which requested the production of books and records pertaining to properties owned by the defendant either individually or jointly with others to those standing in the name of the defendant alone. Order modified by deleting therefrom the provisions which granted defendant's motion for a protective order to the extent of (1) striking Items Nos. 3, 4, 8, 10, 12, 16, 19, 20 and 21 of the rider to plaintiff's cross notice to take deposition and, (2) striking so much of the balance of said items as sought the production of records with respect to properties held jointly by the defendant and others, and by substituting therefor provisions granting the motion to the following extent: (1) limiting the scope of disclosure sought under Item No. 12 to require the production of "All documents in the possession or control of Anis Kaywood pertaining to and/or showing his investment, ownership and capacity in any company, corporation, partnership or other venture"; (2) limiting the scope of disclosure sought under Item No. 16 to require the production of "All balance sheets and profit and loss statements for any and all businesses (including individual proprietorships, partnerships, joint ventures and corporations) of which Anis Kaywood is an owner, joint venturer, partner, stockholder, officer or director, and, in connection with each of them (a) all agreements to which the defendant is a party, (b) all loan, personal expense, disbursement and receipt accounts with respect to the defendant, and (c) records of all credit card charges incurred by the defendant and paid for by said business"; and (3) limiting the scope of the entire cross notice to take deposition and the documents sought therein to the three-year period preceding the commencement of the instant action. As so modified, order affirmed, without costs or disbursements. The examination shall proceed at the place designated in the order under review, at a time to be fixed in a written notice of not less than 20 days, to be given by plaintiff, or at such other time and place as the parties may agree. While plaintiff is undoubtedly entitled to a pretrial examination of the defendant regarding his income and financial circumstances (see Domestic Relations Law, § 250; *Schiffman v Schiffman,* 64 AD2d 651; *Farrell v Farrell,* 57 AD2d 914), the right is still subject to regulation in order to prevent unreasonable annoyance, harassment, expense, embarrassment, disadvantage or other prejudice (see CPLR 3102; see, also, *Raved v Raved,* 71 AD2d 883; *Billet v Billet,* 60 AD2d 816). In our opinion, the scope of disclosure as limited herein should prove adequate for the plaintiff's purpose, but in the event that further disclosure is warranted, we have left undisturbed that portion of the order of Special Term which granted the plaintiff leave to request the production of specific items upon the completion of the examination before trial. Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.