■ SUSAN B. METZGER, Respondent, v MICHAEL BROCKMAN, Appellant. — Order, Supreme Court, New York County (Nadel, J.), entered September 1,

1982, which, *inter alia,* granted defendant's motion to vacate plaintiff's first set of interrogatories only to the extent of vacating Interrogatory No. 82, unanimously reversed, to the extent appealed from, on the law, the facts and in the exercise of discretion, with costs and disbursements, and said interrogatories vacated in their entirety. On December 18, 1980 the parties entered into a written separation agreement which was incorporated into but survived a Haitian divorce decree rendered March 6, 1981, and a New York divorce judgment entered January 7, 1982. The wife thereafter commenced this action to recover arrears allegedly due under the separation agreement for support and maintenance for herself and the parties' two children. She did not seek any increase or modification of the support provisions. Nor did the husband. His answer consisted of a general denial and the assertion of several affirmative defenses and counterclaims, and an offset, none of which relates to either party's income. Simultaneously with the service of a purported amended complaint and reply, the wife served a 48-page set of interrogatories consisting of 83 questions, many of which contained numerous subdivisions, and seven pages of instructions and definitions. The interrogatories sought information relating to the husband's past and present finances, as well as other matters totally irrelevant to the issues raised by the pleadings. The wife concedes that the husband's obligations are limited by the terms and conditions of the separation agreement. Despite this concession her interrogatories seek information relating to his past and present financial condition, including his employment options, promotions, earnings, benefits, expense accounts, stock options, perquisites, including automobile use, taxes, insurance, savings loans, deferred compensation, partnership, corporate and other financial interests. She also asks for copies of the husband's income tax returns for the past four years and a list of his investment advisors. The husband moved to vacate the interrogatories in their entirety. Special Term granted the motion only to the extent of striking Interrogatory No. 82, and directed the husband to answer all of the other interrogatories. We vacate the interrogatories in their entirety. In a plenary action which alleges breach of a separation agreement and seeks only to enforce its provisions the defendant's past and present financial circumstances are irrelevant since the agreement measures all of the parties' rights and obligations. Discovery of irrelevant items is not warranted. (See *Milts v Milts,* 87 AD2d 779; *Shiffman v Shiffman,* 57 AD2d 519; *Moat v Moat,* 27 AD2d 895.) Moreover, we find these interrogatories, read as a whole, to be so unduly burdensome and prolix as to be oppressive. In such circumstances, the remedy is not judicial pruning but vacatur of the interrogatories in their entirety. (See *Churchill Computer Corp. v Haug,* 70 AD2d 546; *Horn Constr. Co. v ICOS Corp. of Amer.,* 63 AD2d 939; *Sol Mor Novelty Co. v Northwestern Nat. Ins. Co.,* 60 AD2d 543.) Finally, we observe that the seven pages of "Instructions" and "Definitions" are, to say the least, patronizing, if not professionally demeaning. A lawyer, whose time is precious, should not have to wade through such folderol. We do not encourage their use. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Alexander, JJ.