■ JAN SHAPIRO, Respondent, v GARY SHAPIRO, Appellant. — Order of the Supreme Court, New York County (Gabel, J.), entered October 25, 1982, which denied the defendant's motion for a protective order vacating plaintiff's demand for a statement of net worth, reversed, on the law and the facts, and the motion for a protective order granted, without costs. In 1981, the parties entered into a separation agreement which, among other things, settled financial issues including maintenance, child support and distribution of marital property. Thereafter, the wife began a divorce action alleging seven causes of action, including a request for upward modification of maintenance and for impairment of equitable distribution rights on the ground that the

husband fraudulently misrepresented his income, and the relief requested included vacatur and nullification of the separation agreement. The parties served a notice and cross notice for examination before trial and, in addition, the wife served a demand for a net worth statement. The husband then moved for a protective order to vacate that demand on the basis that, under section 236 of the Domestic Relations Law, as under former section 250 of the Domestic Relations Law, financial disclosure is not required where there is a valid separation agreement disposing of the financial issues between the parties. While there may be a more liberal standard under the new Equitable Distribution Law (Domestic Relations Law, § 236, part B; see *Oberstein v Oberstein,* 93 AD2d 374), the rule that until a showing is made that there is a basis for setting aside the separation agreement, a protective order against broad financial discovery is justified (see *Milts v Milts,* 87 AD2d 779; *Shiffman v Shiffman,* 57 AD2d 519), need not be brought into question in this matter because the wife was represented by independent counsel at the time of the separation agreement and has failed to make a sufficient showing, at this time, to warrant financial disclosure. The contention by the wife that no reference is made to the Equitable Distribution Law in the separation agreement, although it was already in effect, is not relevant to the immediate problem of whether there should be financial disclosure. (See 2 Foster-Freed, Law and Family, 1983 Cum Supp, § 33:6, p 845.) It is in the "final judgment" that the court determines "the respective rights of the parties in their separate or marital property" (Domestic Relations Law, § 236, part B, subd 5, par a). While the child support provisions in the separation agreement are not fixed in stone (see *Matter of Brescia v Fitts,* 56 NY2d 132), there is no evidence presented at this time that there is a change in circumstances for the child, which necessitates the disclosure. Concur — Kupferman, J. P., Shapiro, Asch, Silverman and Milonas, JJ.