(October 23, 1986)

■ ANNE M. CRAIG, as Administratrix of the Estate of JOHN J. CRAIG, Deceased, et al., Respondents, v NEW YORK TELE-PHONE COMPANY, Appellant.—Order of the Supreme Court, New York County (Wright, J.), entered May 25, 1985, directing defendant to respond to the plaintiff's notice of discovery and inspection, unanimously modified, on the law and facts, to strike plaintiff's demand number two with leave to serve a limited version thereof as hereinafter indicated and, as so modified, the order is otherwise affirmed, without costs.

This appeal arises from a wrongful death action. On February 27, 1975, a major fire burned in the Telephone Company's 204-214 Second Avenue premises. On March 1 and 2, 1975, the plaintiff's decedent worked at the scene of this fire cleaning out damaged material. He died of a heart attack on March 10, 1975. The plaintiff seeks damages, claiming that decedent's heart attack stemmed from the dangerous and hazardous conditions at the work site.

On March 22, 1985, plaintiff served a notice for discovery and inspection, which listed five demands for information. By notice of motion, defendant requested a protective order, calling the demands "burdensome, oppressive and improper". Justice George Bundy Smith granted defendant's motion and allowed plaintiff to serve a more particularized notice. Plaintiff's second amended notice of discovery and inspection was almost identical to her first. By supplemental precalendar conference order, Justice Bruce Wright slightly modified plaintiff's request and ordered defendant to comply.

Defendant appealed to this court from Justice Wright's order. It appears that subsequent to the appeal, the parties have made an arrangement with regard to demands one and five. Therefore, we consider on this appeal only demands two, three and four. As modified by Justice Wright, plaintiff demanded the following: (2) copies of all incident reports, memoranda and communications pertaining to the fire, not otherwise protected or privileged; (3) copies of all investigation reports, internal memoranda and the like, concerning the investigation into the underlying causes of the fire, not otherwise privileged or protected; (4) copies of all rules and regulations, policies or procedures concerning employee safety and protocol as they relate to the jobsite, fire safety and inhalation of noxious fumes, for calendar years 1974-1975.

Defendant complains that a demand for the discovery of documents must be specific. Defendant objects to plaintiff's use

of the word "all" in her demand. But, we have stated, "in certain limited circumstances the use of ['all'] may relate to specific subject matter, and in those circumstances, to preclude items simply because they start with the word 'All' or words of like import 'would be to exalt form over substance and to frustrate the liberal discovery provisions which CPLR article 31 was designed to accomplish' ". *(Matter of Bird,* 100 AD2d 784, quoting in part from *Scheinfeld v Burlant,* 98 AD2d 603.)* Despite the use of the word "all" in plaintiff's demands three and four, those demands relate to specific subject matter and require an answer.

However, as we have previously stated, to prevent the service of blunderbuss notices, discovery must designate documents with reasonable particularity. *(Rios v Donovan,* 21 AD2d 409; *see also,* CPLR 3120 [a] [1] [i].) Plaintiff's demand number two is so broad that to comply, defendant might have to provide a tremendous number of documents, most of which are probably irrelevant. The documents demanded by plaintiff could include those related to overtime for extra workers, orders for new equipment, inventory, and complaints from affected customers. Considering that the fire disrupted telephone service for all subscribers south of 14th Street for several weeks, and required many people to restore and repair the facility, plaintiff's demand is too vague and burdensome. Plaintiff should have first ascertained, through examination or otherwise, which documents relating to the fire are relevant, and then specifically identified those documents for discovery. *(Roof v Port Auth.,* 67 AD2d 849.) Consequently, we must strike plaintiff's demand number two. *(Chrysler Corp. v Fedders Corp.,* 62 AD2d 943.) Concur—Murphy, P. J., Kupferman, Ross, Lynch and Rosenberger, JJ.