■ GLENN DOPF, Respondent, v UNITED AIRLINES, INC., et al., Appellants.—Order of the Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered April 7, 1987, which, *inter alia,* denied defendants' motion for a protective order in part, is unanimously reversed, on the law and facts, solely to the extent appealed from, and that portion of the order which requires defendant United Airlines, Inc., to produce for discovery and inspection prototypes of all of its advertisements

published in the metropolitan area from September 1, 1985 up to and including October 7, 1985, is vacated, without costs or disbursements.

Plaintiff's demand for discovery and inspection, dated December 17, 1986, sought, *inter alia,* production of: "The United Airlines advertisements published between November 1984 and November 1985". In response to defendants' motion for a protective order, plaintiff cross-moved for an order seeking, *inter alia,* production of "prototypes of the advertisements published in the Metropolitan area between November 1984 and November 1985". The IAS court directed, *inter alia,* that defendant United furnish plaintiff with prototypes of the advertisements published by United in the New York metropolitan area "only for the months of September 1985 up to October 7, 1985".

This modification by the court impliedly acknowledged that the original discovery demand was overly broad. However, it did not remedy the failure by plaintiff to properly designate the advertisements sought with the specificity required by CPLR 3120. The advertisements sought, whether newspaper, magazine, television, radio, billboard or other media, are not designated or particularized in any manner. Therefore, the proper remedy was vacatur of this entire demand *(see, Chrysler Corp. v Fedders Corp.,* 62 AD2d 943). Concur—Murphy, P. J., Sandler, Carro, Asch and Kassal, JJ.