(February 4, 1988)

■ JUDITH M. GILSTEN, Appellant, v IRWIN R. GILSTEN, Respondent.—Order of the Supreme Court, New York County (Edith Miller, J.), entered June 19, 1986 which, inter alia, denied the cross motion of plaintiff Judith M. Gilsten to vacate a prior order of the Supreme Court, New York County (Walter M. Schackman, J.), entered on or about January 13, 1986, which order, upon plaintiff's default, granted the motion of defendant Irwin R. Gilsten for a protective order vacating plaintiff's demand for a net worth statement and interrogatories, unanimously modified on the law, the facts, and in the exercise of discretion, plaintiff's cross motion to vacate the default is granted, so much of the prior order which granted defendant a protective order against the demand for a net worth statement is vacated, and that portion of the prior order which granted a protective order against the interrogatories is modified so as to provide that plaintiff may serve further interrogatories in proper form, and except as so modified, the appealed order is affirmed, without costs.

The parties were married in 1961. Plaintiff wife commenced the within action in June 1985 seeking a divorce on the

ground of cruel and inhuman treatment and equitable distribution of the marital assets. The parties had, however, entered into a separation agreement in December 1983 purporting to settle their financial rights. The agreement, whose terms were to survive any subsequent judgment of divorce, provided in relevant part that the wife who then earned $12,000 a year as a travel agent would waive all maintenance but would receive $100 a week for the support of the younger of the parties' two sons. The only marital property of substantial value mentioned in the agreement was the marital residence at 2621 Palisades Avenue in The Bronx owned by the parties as tenants by the entirety. Upon the sale of this property, the husband was to receive $25,000 and the wife the remainder, with the wife paying for the maintenance of the premises until the closing and for the costs of the sale.

In her complaint the wife alleges that the above-described agreement should be set aside. She claims that her husband did not make a full and fair disclosure of his actual financial worth at the time of the agreement's execution, and, indeed, that he fraudulently deprived her of her interest in certain valuable real property which should have been distributed pursuant to the agreement. Specifically, it is alleged that on September 20, 1982, prior to the execution of the separation agreement, defendant husband placed before the plaintiff a document for her signature representing that it was an inconsequential business paper. Plaintiff claims that, unaware of the document's true significance, she signed it in accordance with her husband's wishes. In reality, the document was a deed conveying to one Helen Messinger, the wife of defendant's then attorney, Monroe Messinger, real property owned by the parties situated at 24 Bungalow Walk, Ocean Beach, New York. It is further alleged that after the execution of the separation agreement in November 1984, Mrs. Messinger deeded the Ocean Beach property back to the defendant alone, apparently for nominal consideration. Thus, plaintiff urges that the defendant conspired to defraud her of her interest in the Ocean Beach property, and that at the time of the separation agreement defendant retained an equitable interest in the property which he failed to disclose. In addition to these allegations respecting the Ocean Beach property, plaintiff makes less specific claims concerning defendant's concealment of his equitable interest in real estate situated at 177 Rivington Street in Manhattan.

To substantiate these allegations and thereby have the separation agreement set aside and the marital property

equitably distributed pursuant to statute, plaintiff has sought through pretrial discovery to obtain information respecting defendant's finances; she has demanded from defendant a net worth statement covering a six-year period commencing November 1979 and has served defendant with a 31-page set of interrogatories making extensive inquiry into his financial circumstances.

Prior to the advent of the Equitable Distribution Law in 1980, the rule was that parties to a separation agreement were barred from obtaining financial disclosure in matrimonial proceedings so long as the support terms of their separation agreement remained in force (Shiffman v Shiffman, 57 AD2d 519, 520). The stringency of this rule was, however, moderated in Oberstein v Oberstein (93 AD2d 374). There we recognized that the newly enacted equitable distribution statute considerably enlarged the grounds upon which judicial scrutiny of separation agreements was warranted. Whereas previously, judicial review of such agreements was appropriate only in that narrow category of cases where there were specific allegations of fraud, undue influence, duress or over-reaching, the new law required in addition, court examination of challenged separation agreements to assure that they were fair and reasonable when made and not unconscionable at the time of the entry of final judgment (Domestic Relations Law § 236 [B] [3]; Oberstein v Oberstein, supra, at 377-378). Recognizing that a court's inquiry into the fairness or reasonableness of a separation agreement would not infrequently entail consideration of the relative financial circumstances of the parties, we held in Oberstein that the former rule categorically barring financial disclosure where there was a subsisting separation agreement purporting to settle financial issues should yield to a more flexible rule permitting such disclosure where there "is a real and legitimate presentation to vacate the support terms of the agreement on the basis of the criteria explicitly set forth in the statute." (Oberstein v Oberstein, supra, at 380.)

The single substantive issue here to be addressed is whether the plaintiff has made the sort of showing required under Oberstein (supra) and is, therefore, entitled to the financial disclosure she seeks. We think that she has.

Unlike the allegations of the Oberstein plaintiff which were general and conclusory and which were found not to constitute a sufficient predicate for disclosure (Oberstein v Oberstein, supra, at 381), those made by the present plaintiff are notable for their specificity, particularly as they detail the conveyance

and concealment of the Ocean Beach property. It is moreover the case that these allegations are in significant part admitted in the record before us; defendant acknowledges that the above-described transfers of the Ocean Beach property occurred. Certainly, these allegations must raise serious questions as to the fairness of the parties' agreement at the time of its making. The transfers and the circumstances under which they are said to have taken place bespeak fraud, both independent and in connection with the separation agreement. Had plaintiff been apprised of defendant's apparently retained equitable interest in the Ocean Beach real estate, it must be supposed that she would have insisted that the property be accounted for in the agreement and that she would not have as readily waived all maintenance when she had only a modest income of her own. Clearly, plaintiff has made a sufficient initial presentation to place in issue the fairness of the agreement and its provisions for maintenance, support and the division of the marital property. She should then be afforded discovery into defendant's finances to the extent permitted by the statute. (See, Domestic Relations Law § 236 [B] [3], [4]; see also, Oberstein v Oberstein, supra, at 379-380.)

Plaintiff has not yet obtained financial disclosure from defendant because defendant has sought and has been granted a protective order against plaintiff's demand for a net worth statement and interrogatories. The protective order was granted on default and plaintiff's subsequent motion to vacate the default was denied in the order here appealed. In view of the fact that plaintiff's disclosure demand possesses clear merit and that, in our estimation, a sufficient explanation was offered by plaintiff's counsel to excuse the default, we think that plaintiff's motion to vacate the default should have been granted and that the original motion should have been decided on the merits. Accordingly, defendant's motion for a protective order against the demand for a net worth statement should have been denied for the above-discussed reasons. That part of defendant's motion seeking a protective order against the extensive interrogatories propounded by the plaintiff was, however, properly granted. In their present form, the interrogatories are unduly burdensome and prolix and are appropriately vacated in their entirety (see, Metzger v Brockman, 92 AD2d 499) but without prejudice to plaintiff's service of further interrogatories in proper form. Concur—Murphy, P. J., Carro, Rosenberger, Ellerin and Smith, JJ.