■ EDITEL, NEW YORK, a Division of BELL & HOWELL/COLUMBIA PICTURES VIDEO SERVICES, Plaintiff, v LIBERTY STUDIOS, INC., Appellant, and JUSTIN CRASTO, Counterclaim Respondent, et al., Counterclaim Defendants.—Order, Supreme Court, New York County (Herman Cahn, J.), entered May 12, 1988, which denied defendant Liberty Studios, Inc.'s motion (a) for a protective order quashing the notice of discovery and inspection served by counterclaim defendant-respondent Justin Crasto and (b) to strike Crasto's first set of interrogatories, unanimously reversed, on the law, the facts, and in the exercise of discretion, the notice of discovery and inspection and the interrogatories are vacated, without prejudice to further appropriate discovery, with costs.

We agree with defendant Liberty Studios, Inc. that the notice of discovery and inspection served by counterclaim defendant Justin Crasto, which contained 48 numbered demands with numerous subparts, as well as its first set of 107 interrogatories, also containing numerous subparts, was overbroad and unduly burdensome, and that it was, therefore, an improvident exercise of discretion for the Supreme Court to have denied Liberty's request to strike *(Metzger v Brockman,* 92 AD2d 499; *Vancek v International Dynetics Corp.,* 78 AD2d 842).

Plaintiff, a video service company, brought this action against defendant, a production company, for payment for services rendered. In its answer, defendant asserted counterclaims against plaintiff and certain additional named defendants, including Crasto, for inducing breach of contract, defamation, unfair competition and interference with business relationships. Plaintiff and defendant thereafter stipulated to partial summary judgment being entered in plaintiff's favor, but agreed that all execution upon and enforcement of such judgment would be stayed until the counterclaims against plaintiff were determined.

Crasto's discovery notice contains 41 "designation" paragraphs demanding all documents "referring, reflecting or relating to any" settlement, statements, observations, communications, etc., and requires the production of every document created by any person or organization, past or present, relating to anything alleged in any of the counterclaims. Such request would include vast amounts of irrelevant material and

is overbroad, vague and unduly burdensome (CPLR 3120; *Craig v New York Tel. Co.*, 123 AD2d 580). The document also seeks Liberty's income tax returns from January 1977 without demonstrating the "strong showing of overriding necessity" to overcome the confidentiality of such information *(Matthews Indus. Piping Co. v Mobil Oil Corp.*, 114 AD2d 772; *A. Colish, Inc. v Abramson*, 150 AD2d 210). The interrogatories are also overbroad, especially in light of the definitions and instructions contained therein *(Metzger v Brockman, supra).*

In sum, a review of the document demand and interrogatories reveals that while some of the information requested is necessary to defend the action, a substantial portion is overbroad, burdensome, or calls for irrelevant material or conclusions. Under these circumstances, the remedy is not judicial pruning but vacatur of the entire demand and interrogatories *(Dopf v United Airlines*, 135 AD2d 453; *Metzger v Brockman, supra; Vancek v International Dynetics Corp., supra).* Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.