East Riv. Hous. Corp. v Hillman Hous. Corp. (2024 NY Slip Op 50350(U))

[*1]

East Riv. Hous. Corp. v Hillman Hous. Corp.

2024 NY Slip Op 50350(U)

Decided on April 2, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2024
Supreme Court, New York County

East River Housing Corporation, Plaintiff,

against
Hillman Housing Corporation, Defendant.

Index No. 653984/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 79, 80, 81, 82, 83, 84, 85, 87, 90, 97, 101, 102, 103 were read on this motion to/for DISCOVERY.
This action for, inter alia, breach of contract, unjust enrichment and a declaratory judgment arises out of a dispute regarding a boiler plant that supplies steam to the buildings of the parties, which are residential housing cooperatives in the Lower East Side of Manhattan. In motion sequence 003, plaintiff East River Housing Corporation (ERHC) moves (1) pursuant to CPLR 3124 to compel defendant Hillman Housing Corporation (HHC) to produce documents requested in plaintiff's first notice of discovery and inspection (D&I), (2) pursuant to CPLR 3124 to compel defendant to produce a CPLR 3122 response and documents requested in plaintiff's second notice of D&I, and (3) pursuant to CPLR 3126 to preclude defendant from introducing any evidence at trial concerning certain matters. For the reasons herein, the motion is denied in its entirety.
I. BACKGROUND
Plaintiff ERHC filed the instant complaint on September 2, 2021. After defendant HHC answered with counterclaims on October 1, 2021, plaintiff served defendant with a first notice of D&I (First Notice) on November 2, 2021 (NYSCEF Doc. No. 17). Following defendant's response with objections, plaintiff filed a motion (motion seq. no. 001) on September 8, 2022 to compel defendant to produce the documents demanded in the First Notice.
Subsequently, on February 3, 2023, plaintiff served a second notice of D&I (Second Notice) (NYSCEF Doc. No. 60).
Then, on March 22, 2023, plaintiff filed a motion for leave to amend its complaint (motion seq. no. 002), seeking to add two new causes of action for damages and declaratory relief regarding its Revocable Consent Agreement (RCA) with the City Department of Transportation (DOT) for the steam pipe under Lewis Street, the DOT's demand that the pipe be relocated, real estate taxes related to the RCA, and plaintiff's appeal of City assessments.
On July 14, 2023, while both the motion to compel (motion seq. no. 001) and the motion for leave to amend (motion seq. no. 002) were sub judice, plaintiff filed the instant, second motion to compel (motion seq. no. 003).
The first motion to compel (motion seq. no. 001) was granted shortly thereafter, on July 26, 2023, directing defendant to produce a privilege log and all of HHC's board minutes and [*2]resolutions for the period of 2019 to 2021, to the extent not already done.
The motion for leave to amend (motion seq. no. 002) was granted on October 5, 2023.

II. DISCUSSION
Upon a motion to compel disclosure pursuant to CPLR 3124, the party seeking disclosure must demonstrate that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]). When "a review of the document demand and interrogatories reveals that while some of the information requested is necessary to defend the action, a substantial portion is overbroad, burdensome, or calls for irrelevant material or conclusions . . . the remedy is not judicial pruning but vacatur of the entire demand and interrogatories" (Editel, NY v Liberty Studios, Inc., 162 AD2d 345, 346 [1st Dept 1990]; see Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230 [2d Dept 2020]). "The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one" (Lopez v Huntington Autohaus, 150 AD2d 351, 352 [2d Dept 1989]).
Defendant argues that the instant motion is duplicative, as plaintiff filed the instant, second motion to compel (motion seq. no. 003) while the first motion to compel remained pending (motion seq. no. 001), seeking, in part, identical documents requested in the first motion. Defendant also argues that, in light of the court's July 26, 2023 ruling on the first motion, this motion is also moot. The court agrees. The instant motion (motion seq. no. 3) seeks an order compelling defendant to produce documents that were already requested in the First Notice, and indeed, which the court compelled defendants to produce or explain why it could not produce. Therefore, in substantial part, this motion is both duplicative and moot.
With respect to a certain group of documents whose existence was "confirmed" during the depositions of defendant's witnesses, plaintiff nonetheless argues that they are not duplicative because, while they may have been encompassed in the broad categories of documents as requested in the First Notice, they can now be described more specifically. However, that plaintiff later learned of the specific form of these documents does not make this request a new one.
In addition, even as to the documents plaintiff newly requested in the Second Notice, the court finds that a substantial number of them, specifically requests numbers 2, 4, 6, 7, 8, and 9, are irrelevant to plaintiff's original complaint, as they relate solely to matters, specifically the East Side Coastal Resiliency Project, Lewis Street Steampipe, the Lewis Street Steam Pipe Relocation Project, the Revocable Consent Agreement, and ERHC's appeal of the City's assessment, that were described for the first time in the amended complaint, which was not in effect at the time this motion was filed. Accordingly, these documents are likewise improper subjects for this motion.
As the court finds both the demands in the Second Notice and the instant motion to be, in substantial part, palpably improper, the court denies the motion and vacates the Second Notice (see Editel, NY v Liberty Studios, Inc., 162 AD2d 345), including plaintiff's application for sanctions.

III. CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff's motion is denied in its entirety.
DATE April 2, 2024
ROBERT R. REED, J.S.C.