Clarence J. Henry, J.
Plaintiff and defendant, in November, 1960, entered into a separation agreement by the terms of which custody of their three children was retained by the defendant and payments for the support of the plaintiff was eliminated, on the ground she was gainfully employed. - Custody of the children was given the plaintiff by order of this court on January 25,1961, and the defendant has since been voluntarily paying $40 per week for their support.
Plaintiff has lately instituted an action for separation and in connection therewith applies for temporary alimony and counsel fees.
Defendant contests the application on the ground that, as the separation agreement is still in effect and he is not in default of his obligations thereunder, it remains determinative of the rights of the parties until set aside.
There is a rule that, where a valid separation agreement exists, temporary alimony and counsel fees will not be granted in a later matrimonial action. (Brock v. Brock, 1 A D 2d 973 ; Ascher v. Ascher, 213 App. Div. 183.) Indeed, a valid and subsisting provision for the support of a wife contained in a separation agreement bars the maintenance of a separation action (Cohen v. Cohen, 28 Misc 2d 558 ; Borax v. Borax, 4 N Y 2d 113).
The key to the applicability of these rules lies, however, in the emphasized word “ valid ”. To be valid, a separation agreement must conform to the provisions of section 51 of the Domestic Relations Law. That section prohibits agreements which “relieve the husband from his liability to support his wife”, and contractual arrangements which “entirely or partially exonerate ” him are void (Haas v. Haas, 298 N. Y. 69, 72 ; Kyff v. Kyff, 286 N. Y. 71).
*977 The recited fact that the wife was gainfully employed at the time of the agreement and for this reason consented to the elimination of her support in nowise alters the situation (see Moore v. Moore, 59 N. Y. S. 2d 22).
The agreement herein was clearly one prohibited by section 51, is thus void, and it follows that the application for temporary alimony and counsel fees is properly available to the plaintiff. In light of the defendant’s circumstances, discussed during the oral argument herein, the sum of $60 per week is granted during the pendency of the action, together with counsel fees in the sum of $300.