■ JOAN KULOK, Respondent, v. LAWRENCE M. KULOK, Appellant.— In an action for a judicial separation, the defendant husband appeals from an order of the Supreme Court, Nassau County, dated July 1, 1963, which directed him: (1) to pay the plaintiff wife temporary alimony of $146 per week; (2) to pay "all carrying charges for the marital home, including utilities"; and (3) to pay the wife a counsel fee of $1,500, "without prejudice to an application for further counsel fees to the trial justice." Order modified as follows: (1) by striking out the provisions directing defendant to pay the temporary alimony and the counsel fee; and (2) by substituting therefor the following provisions: (a) that defendant shall pay to the plaintiff the sum of $100 per week for the support and maintenance of the infant issue of the marriage; and (b) that the fixation and allowance of both the temporary alimony for the wife and her counsel fees be referred to the Trial Justice for determination. As so modified, the order is affirmed, without costs. The payments to be made, as herein directed, shall commence as of the date fixed

in the order appealed from. It appears that there is a subsisting separation agreement between the parties. Until such agreement be set aside, alimony *pendente lite* and counsel fees for the wife may not be awarded. Relief with respect to the agreement should not be granted on conflicting affidavits, but only after a plenary trial (*Brock* v. *Brock*, 1 A D 2d 973; *Seltzer* v. *Seltzer*, 16 A D 2d 836). The court is not bound, however, by support provisions for children contained in a separation agreement; with respect to children the court is required to provide for their support and welfare as justice requires (former Civ. Prac. Act, § 1170, now Domestic Relations Law, § 240; cf. Domestic Relations Law, § 70; *Kunker* v. *Kunker*, 230 App. Div. 641; *Van Dyke* v. *Van Dyke*, 278 App. Div. 446, affd. 305 N. Y. 671; *Brock* v. *Brock, supra*). Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.