■ YVONNE MOAT, Respondent, v. DOUGLAS MOAT, Appellant.— *Per Curiam.* Appeal from an order of the Supreme Court which granted plaintiff's motion for allowances for temporary alimony, counsel fees and the maintenance of the child of the parties' marriage, pending the determination of an action brought to rescind a separation agreement and for a judgment of divorce or, alternatively, of separation. The basis of the Special Term's action was its finding that the separation agreement is "void on its face as a matter of law"; this, however, on the court's erroneous construction of the agreement

as violative of the statute inhibiting any contract between husband and wife " to relieve the husband from his liability to support his wife" (General Obligations Law, § 5-311), and as "relieving him of his obligation or construed or applied so to relieve him" (*McMains* v. *McMains*, 15 N Y 2d 283, 285); Special Term also noting the principle that "contracts which entirely or partially exonerate the husband or which 'release' him from his obligation or 'diminish it' are condemned as void" (*Haas* v. *Haas*, 298 N. Y. 69, 72). The court did not pass on the grounds for rescission alleged in the complaint and these, of course, must await a plenary trial. The agreement, in a form long recognized and accepted, neither wholly nor in part exonerates defendant from his obligation to support his wife; nor does it release or diminish his obligation. By it, he is required to make regular, substantial, periodic payments to his wife, as a measure of his continuing obligation to her. (*Haas* v. *Haas, supra,* p. 72.) Paragraph "15", which Special Term found critical, does nothing more than to make clear the fact that the husband's duty is to be measured by the payments provided by paragraph "6 (a)". In holding otherwise, the Special Term mistakenly relied on *Pomerance* v. *Pomerance* (301 N. Y. 254), *Kyff* v. *Kyff* (286 N. Y. 71) and *Burkhardt* v. *Burkhardt* (28 Misc 2d 976). In *Pomerance* was involved merely the sufficiency of the complaint in an action for rescission; in *Kyff* the underlying separation agreement was void because it involved a minimum lump-sum settlement of $3,000; and in *Burkhardt* total support was eliminated because the wife was gainfully employed. Neither can it be concluded that the separation agreement was rendered void by reason of paragraph "12", providing that the obligation as to support can be incorporated into any decree for divorce or judicial separation, but that the provisions of the agreement shall not merge in the order, decree or judgment. Such provisions are constantly used and are sanctioned by the courts. (See *McMains* v. *McMains, supra*; *Holahan* v. *Holahan*, 298 N. Y. 798; *Schmelzel* v. *Schmelzel*, 287 N. Y. 21; *Goldman* v. *Goldman*, 282 N. Y. 296; *Gush* v. *Gush*, 14 Misc 2d 146, affd. 9 A D 2d 815; 16 N. Y. Jur., Domestic Relations, § 733.) But heed must be given the caveat explicit in *McMains* v. *McMains* (*supra*, p. 285) that a decree predicated on a separation agreement which survives the decree may be modified to increase alimony where the wife is "actually unable to support herself on the amount * * * allowed and is in actual danger of becoming a public charge". The validity of a separation agreement will be determined only upon careful inquiry and not upon conflicting affidavits upon a motion for temporary alimony in a matrimonial action. (*Yunis* v. *Yunis*, 286 App. Div. 1126; *Sullivan* v. *Sullivan*, 285 App. Div. 967; *Matter of Warren*, 207 App. Div. 793; 16 N. Y. Jur., Domestic Relations, § 694; Grossman, N. Y. Law of Domestic Relations, § 400 [Supp.].) Clearly the case falls within the general rule that alimony *pendente lite* is not permitted until a subsisting separation agreement is set aside (*Kulok* v. *Kulok*, 20 A D 2d 568, 569; *Brock* v. *Brock*, 1 A D 2d 973; *Ascher* v. *Ascher*, 213 App. Div. 183; Grossman, N. Y. Law of Domestic Relations, §§ 787, 840–841). We are obliged to reverse, also, the provision of the order which, in effect, increases the payment for the child's support from $46.15 per week to $50 per week. It is true, of course, that minor children are not parties to a separation agreement executed by their parents, and the courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires. (Domestic Relations Law, § 240; Family Ct. Act, § 461; *Kulok* v. *Kulok, supra*; *Brock* v. *Brock*, 4 A D 2d 747; *Van Dyke* v. *Van Dyke*, 278 App. Div. 446 [3d Dept.], affd. 305 N. Y. 671; *Dolan* v. *Dolan*, 271 App. Div. 851 [3d Dept.], affd. 296 N. Y. 860; *Kunker* v. *Kunker*, 230 App. Div. 641 [3d Dept.]; 16 N. Y. Jur., Domestic Relations, § 546.) In the case before us, however, it

is clear that the increase, small as it is, was granted by reason of the court's erroneous holding that the agreement was void, and was not predicated on any finding of inadequacy. Similarly, no basis for any change in the present agreement respecting custody and visitation and other rights has been demonstrated. Finally, we disapprove the provision of the order allowing counsel fees of $500, additional to the fee of $500 heretofore paid by plaintiff to her attorney, and without prejudice to a further application. Counsel fees are allowable only in respect of the matrimonial causes of action and in this case the allowance of $500 should be reduced to $250 without prejudice to a further application, upon the trial, for services in connection with such causes of action only. Order modified, on the law and the facts, so as to provide that the counsel fees thereby awarded be reduced to $250, and that the same are allowed solely for prosecution of plaintiff's causes of action for divorce and, alternatively, for separation, and shall be paid within 20 days after service of a copy of the order to be entered hereon; and so as to delete from said order the first, second, third, fourth, sixth and seventh decretal paragraphs thereof; and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*