## (March 17, 1977)

■ P. SUSAN BENNETT, Respondent, v GUS J. BENNETT, Appellant.— Order, Supreme Court, New York County, entered November 18, 1976,

---

granting plaintiff wife's motion for alimony *pendente lite* in the sum of $100 per week, child support in the sum of $150 per week, and counsel fees in the sum of $2,500, unanimously reversed, on the law, and in the exercise of discretion, and motion denied, without costs and without disbursements. The parties, married January 11, 1958, executed a separation agreement on May 13, 1975 which provided for payment by the husband of $1,250 per month for support of the wife and their two children. The agreement provided for reduction of payments by 70 cents for each dollar of gross income earned by the wife and for a 16 cent credit to the wife for each dollar of gross income as additional support of the children, the credit not to exceed $2,400 per year for each child. The wife commenced work as an accountant in 1976. Appropriate adjustments in the monthly payments have now been made in accordance with the separation agreement and the husband has made all payments due thereunder. The wife commenced this action to set aside the separation agreement as void and unjust and for divorce and made the subject motion for alimony *pendente lite,* child support and counsel fees. The general rule is that alimony and temporary counsel fees are not permitted until a subsisting separation agreement is set aside *(Moat v Moat* 27 AD2d 895; *Wilkinson v Wilkinson,* 10 AD2d 937; *Kulok v Kulok,* 20 AD2d 568, 569), and applies to actions for divorce where a separation agreement, not void on its face, is in existence, *Moat v Moat (supra).* The wife is well educated, sophisticated, and was represented by counsel when she agreed to the terms of the separation agreement. The court below made no attempt to determine the validity of the agreement. While minor children are not parties to a separation agreement between their parents, and the courts may increase provisions for child support as justice requires (Domestic Relations Law, § 240; *Moat v Moat, supra; Kulok v Kulok, supra),* there is no need to do so where, as in this case, there is an absence of proof that adequate support has not been provided the children. The separation agreement should remain in effect until a plenary trial at which time the wife will have ample opportunity to prove an alteration is justified in the level of support and alimony should the separation agreement be found invalid, a subject on which we express no opinion. Concur—Lupiano, Nunez, Markewich and Lynch, JJ.; Murphy, J. P., concurs in the following memorandum. A provision in a separation agreement exempting a husband from his obligation to support his wife is invalid under section 5-311 of the General Obligations Law. However, the invalidity of that provision does not vitiate the entire agreement so as to render unenforceable other valid provisions thereof *(Schiff v Schiff,* 270 App Div 845.) Section 3.1 of the parties' agreement provides as follows: "Until the occurrence of either of the following, namely, the remarriage of the Wife or her death, the Husband during his lifetime and until the first day of that month during which the then youngest living child of the parties shall attain twenty-one (21) years of age shall pay (subject to the provisions of subparagraphs '3.2', '3.3' and '3.4' hereof) to the Wife for her support and maintenance and that of the Children the sum of Twelve Hundred Fifty ($1,250.) Dollars per month payable on the third day of each and every month commencing the third day of the month immediately following that day of the month on which the family home is sold." To the extent that the above-quoted section provides adequate support for the plaintiff until the parties' youngest child attains the age of 21, it is enforceable. However, to the extent that the section relieves the defendant from his obligation to support the plaintiff when the parties' youngest child attains the age of 21, it is unenforceable upon its face. *(Rubinfeld v Rubinfeld,* 264 App Div 888, mot for lv to app den 264

App Div 958, mot to dismiss app granted 289 NY 838.) I concur in the reversal because section 3.1 of the separation agreement is still operative since the parties' youngest child has not attained the age of 21. When that child does reach the age of 21, that pivotal section will become void. At that juncture, serious doubt will also be cast upon the validity and separability of many of the other support provisions that depend for their vitality upon the existence of section 3.1.