OPINION OF THE COURT
Irving A. Green, J.
This is a divorce action which has been marked with extensive pretrial litigation principally involving temporary relief for which a speedy plenary trial is the proper and preferred forum for its permanent resolution. The marriage, which is the subject of this action, has been in excess of 30 years’ duration. The children of the marriage have attained their majority. The essential recurrent problem, pendente lite, has been provision for the support of the plaintiff.
'This is the third motion for temporary alimony relief brought by the plaintiff. Upon the first application this court, by order dated May 16, 1980, held that the existing separation agreement entered into between the parties precluded the court from awarding the plaintiff temporary alimony (Bennett v Bennett, 56 AD2d 782); and upon a second related application involving the defendant’s failure to make alimony payments, this court, by order dated November 14, 1980, held that the appropriate procedure to enforce plaintiff’s right to alimony under the separation agreement existed ex contractu and lies in obtaining a money judgment upon any such breaches of the separation agreement and availing her *468 self of the enforcement mechanisms provided by law such as CPLR article 52.
The present application seeks, inter alla, leave to enter judgment for unpaid alimony arrears pursuant to section 244 of the Domestic Relations Law and for a wage deduction order. The court reiterates that the proper procedure to collect unpaid alimony due under a separation agreement is by way of plenary suit for breach of the agreement. (Bennett v Bennett, supra.)
However, the defendant, in his answer has pleaded, as a separate and distinct cause of action, that the defendant entered into the separation agreement under duress and threats of violence; and the defendant seeks as affirmative relief, in such cause of action, the setting aside of the separation agreement. The moving papers submitted on this motion set forth alleged breaches by the defendant in the alimony payments required to be made by him under the terms of the separation agreement. This is not disputed in the opposing papers submitted on behalf of the defendant. Instead, the defendant relies on the one hand to claim the invalidity of the separation agreement as ground for his refusal to abide by the alimony provision therein, and on the other hand, to assert the existence of the separation agreement as a bar to temporary alimony relief by this court. Thus, if the defendant, after plenary trial, was successful in his separate and distinct cause of action to set aside the separation agreement, the plaintiff will have suffered the total loss of temporary alimony to which, upon the papers submitted upon this and the prior motions, the court is satisfied the plaintiff is entitled. The cases holding an existing separation agreement to be a bar to the award of temporary alimony are inapposite to the circumstances as they have matured and developed in this case at this time. In cases such as Bennett v Bennett (56 AD2d 782, supra), alimony payments due under the separation agreement are being made and are expected to be made in lieu of the court itself awarding temporary alimony. While a temporary or intermittent lapse in the making of payments due under a separation agreement, under excusable circum *469 stances, may not remove the bar to court-ordered temporary alimony, a deliberate, intentional, sustained and implacable disregard of such obligation under the separation agreement requires this court, in the interests of justice and in the exercise of its broad equitable jurisdiction in matrimonial actions, to provide necessary temporary support to a needy spouse. (Andreini v Andreini, 79 AD2d 928, p 7, col 3.)
Accordingly, the court hereby awards temporary alimony to the plaintiff in the sum of $400 per month, commencing with December 8, 1980.
The branch of the motion to serve an amended complaint is denied in view of the age of this lawsuit and the need for a speedy permanent resolution of the issues in this action. In any event, relevant acts of conduct occurring subsequent to the date of the commencement of an equitable cause of action may be admissible in evidence upon trial. (Kilbourne v Board of Supervisors of Sullivan County, 137 NY 170, 178.)
In all other respects, the motion is denied.