■ ELIZABETH M. THOMPSON, Respondent, v EARL THOMPSON, Appellant. — In a matrimonial action, the defendant husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), dated April 7, 1981, as modified a prior order of the same court (Martin, J.), dated March 20, 1980 by increasing the temporary alimony and support awarded therein from $175 to $250 per week, and granted plaintiff leave to enter a judgment against defendant in the principal amount of $4,163.69, representing alimony and support arrears from March 14, 1980 through August 29, 1980, (2) from a judgment of the same court, dated April 14, 1981, entered upon the order dated April 7, 1981, for said arrears, and (3) from an order of the same court, dated May 18, 1982, which denied his motion to renew and reargue. The appeals from the order and judgment dated April 7 and 14, 1981, respectively, bring up for review so much of an order of the same court, dated June 18, 1981, as upon granting reargument of the motion upon which said order and judgment were made, adhered to the original determination (see CPLR 5517, subd [b]). Appeals from the order and judgment dated April 7 and 14, 1981, respectively dismissed, without costs or disbursements. Said order and judgment were superseded by the order dated June 18, 1981 made on reargument. Order dated June 18, 1981 reversed, insofar as reviewed, without costs or disbursements, order and judgment dated April 7 and 14, 1981, respectively, vacated, and matter remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith. Appeal from the order dated May 18, 1982 dismissed, insofar as it seeks review of the denial of reargument, without costs or disbursements. No appeal lies from so much of said order as denied reargument. Insofar as it denied renewal, order dated May 18, 1982, modified by providing that such denial is without prejudice to the right of the defendant, if he be so advised, to raise the issue underlying his request for renewal before the Justice presiding at the hearing ordered in connection with the appeal from the order dated June 18, 1981. As so modified, order dated May 18, 1982 affirmed, insofar as appealed from, without costs or disbursements. Pursuant to an order dated March 20, 1980, defendant was directed to pay temporary alimony and child support to plaintiff in the sum of $175 per week. Thereafter, the parties executed a separation agreement which

provided for unallocated support for plaintiff and the two children of the parties in the sum of $350 per month, which amount was to increase to $600 per month upon the sale of the marital home. With regard to the support allotment, the agreement specifically provided: "The parties recognize that this is less than the amount the Husband is currently obliged to pay the Wife pursuant to the Temporary Order of Support from the Supreme Court of the State of New York dated March 20, 1980, to wit: $175.00 per week; however, the Wife agrees to this lesser amount in consideration of the terms and conditions of this agreement". The separation agreement also contained a "no molestation" clause, a clause providing for the mutual release of general claims and a clause which provided that the respective rights and obligations in the agreement be deemed independent and that those obligations might be enforced independently irrespective of the other rights and obligations set forth therein. Plaintiff was granted custody of the children subject to defendant's right of visitation as specified in the agreement. Each party agreed not to move more than 80 miles from Westchester County, New York, "unless it is to acquire new employment and unless the facts and circumstances are set forth in advance to the other party". Shortly after the separation agreement was executed, plaintiff took the children and moved to Buffalo, New York. Thereafter, she moved, *inter alia,* for leave to enter a judgment against defendant for arrears allegedly due under the order dated March 20, 1980 directing the payment of alimony and support *pendente lite,* and to modify that prior order by increasing the amount of temporary alimony and support to $275 per week. Plaintiff alleged that she was entitled to an increase in alimony and child support because defendant willfully failed to comply with the terms and conditions of the separation agreement by, *inter alia,* threatening her and forcing her to move, which resulted in increased expenses. Defendant denied threatening plaintiff and argued that it was the plaintiff who violated the terms of the separation agreement by moving to Buffalo. It is the general rule that as long as there is a subsisting separation agreement, temporary alimony may not be awarded (*Kulok v Kulok,* 20 AD2d 568, 569; *Marans v Marans,* 27 AD2d 735). The fact that the parties entered into their written separation agreement after a temporary award was rendered does not alter that rule. Although the plaintiff claims that her conceded violation of the separation agreement was necessitated by the defendant's acts, that claim cannot be determined from the record in this case. Whether plaintiff's unannounced relocation to Buffalo was caused by defendant's unjustified acts and whether the move resulted in increased expenses to her cannot be determined without the benefit of a hearing. Only after such a hearing can Special Term decide if the support provisions of the separation agreement should be set aside because of defendant's alleged breach of the agreement. If he be so advised, defendant may renew, before the Justice presiding at the hearing, his argument that by commencing a separate plenary action to, *inter alia,* enforce the support and alimony provisions of the separation agreement, plaintiff is foreclosed from contending that the defendant's alleged breach of the agreement entitles her to disregard it and obtain an order directing him to pay temporary alimony and support in excess of the sum set therein. In the event that the alimony and support provisions of the separation agreement are vacated, the court can then determine whether an award of temporary support should be granted and, if so, the amount thereof. Furthermore, the questions of whether the alleged arrearages have in fact been paid and, if not, whether the "mutual release" clause in the separation agreement discharged defendant from his obligation to pay support arrearages due under the temporary order of alimony and support dated March 20, 1980 cannot be determined without the taking of evidence. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.