CAROL W. BUCKLEY, Plaintiff, v MARK W. BUCKLEY, Defendant.

Supreme Court, Saratoga County, February 9, 1989

## APPEARANCES OF COUNSEL

*Ziff, Weiermiller & Hayden (James G. Levins, III,* of counsel), for defendant. *King, Murphy, Adang & Arpey (Martin W. Pozefsky* of counsel), for plaintiff.

## OPINION OF THE COURT

LOREN N. BROWN, J.

This motion by the defendant seeks an order dismissing the complaint for failure to state a cause of action, pursuant to CPLR 3211 (a) (7), on the grounds that the complaint's sole cause of action seeks a divorce based upon a separation agreement, which was vitiated by the resumption of marital relations. By a letter to the parties, dated September 23, 1988, the court informed them that the motion to dismiss would be

treated as a motion for summary judgment. Thereafter, the plaintiff requested that the court search the record and grant him summary judgment. Subsequent attempts at a reconciliation have failed, and this motion is now ripe for decision.

The separation agreement between the parties was signed on January 28, 1987. It is alleged by the defendant, without contradiction, that for a substantial period of time after the agreement was signed, the parties resumed marital relations, and that the parties have not lived separate and apart for one year pursuant to a written agreement. Moreover, the defendant alleges without consent that the plaintiff expressed an intent to abandon this agreement. The plaintiff, however, relies on paragraph 22 of the separation agreement, which states: "In the event of reconciliation and resumption of the marital relationship between the parties, the provisions of this agreement shall nevertheless continue in full force and effect without abatement of any term or provision hereof, except as otherwise provided by written agreement duly executed by each of the parties after the date of the reconciliation." As no written agreement was executed after the reconciliation, the plaintiff contends that the defendant may not, under the terms of the agreement, attack it based upon the reconciliation.

Divorce in this State is a creature of the Legislature, and the grounds upon which it may be granted are purely statutory. *(Cicerale v Cicerale,* 85 Misc 2d 1071.) Domestic Relations Law § 170 sets forth six grounds upon which a divorce may be granted in this jurisdiction. These are the only grounds for divorce recognized in this jurisdiction. Section 170 (6) provides the grounds for a so-called conversion divorce based upon a written separation agreement, and a separation for a period of one year pursuant to that agreement. It is, however, the physical separation which constitutes the grounds for divorce under section 170 (6), not the agreement. *(Christian v Christian,* 42 NY2d 63.) The separation agreement merely functions to authenticate the separation. *(Guccione v Guccione,* 100 Misc 2d 212.)

Now, with the foregoing principles in place, the court, in searching the record, finds that summary judgment must be granted to the defendant, and the complaint dismissed.

As stated previously, it is solely within the province of the Legislature to establish the grounds for divorce. Paragraph 22 of the parties' agreement impermissibly seeks to vitiate the

need for a separation by preventing the defendant from alleging reconciliation—in effect, creating a new ground for divorce based upon a separation agreement alone. There must have been a separation for one year to satisfy the statute; there was not.

Moreover, even if, as the plaintiff suggests, the defendant were precluded from attacking the agreement on the grounds of reconciliation, it is the separation which provides the grounds for divorce. Agreement aside, without the requisite separation, no ground exists for divorce, and the action must be dismissed.