■ PAMELA FORMATO, Respondent, v LEE FORMATO, Appellant.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about November 28, 1990, which granted plaintiff's motion for interim relief to the extent, *inter alia,* of awarding plaintiff $300 per week in temporary maintenance, and $300 per week in child support, and granting plaintiff exclusive occupancy of the marital cooperative apartment, *pendente lite,* is unanimously modified, on the law, the facts and in the exercise of discretion, by directing a hearing by the IAS court, to be held within sixty days of the date of this order, as to whether plaintiff's exclusive use and occupancy of the marital cooperative apartment should continue, and otherwise affirmed, without costs.

As a general rule, *pendente lite* awards of exclusive use and occupancy of a marital residence should not be granted without a hearing, except upon persuasive evidence that such an award is necessary to protect the safety of persons and property. *(Delli Venneri v Delli Venneri,* 120 AD2d 238, 240 [1986].)* As plaintiff's uncorroborated affidavit is challenged by defendant's submissions, a hearing is necessary to determine credibility and to adequately evaluate the presence or absence of additional factors which would support such an award.

In light of the vast disparity in the parties' incomes and financial resources, and in view of their previous lifestyle, the

IAS court properly declined to compute the amount of child support pursuant to Domestic Relations Law § 240 (1-b) *(see,* Domestic Relations Law § 240 [1-b] [f]; *Rizzo v Rizzo,* 163 AD2d 15 [1990]).

We find no evidence in the record to support defendant's claims with respect to plaintiff's purported additional income or enhanced capacity to earn a livelihood. Defendant's remaining arguments are without merit. Concur—Carro, J. P., Rosenberger, Ross and Smith, JJ.