■ MARIE A. COSTA, Appellant, v PAOLA COSTA, Respondent. [597 NYS2d 222] —Mercure, J. Appeal from a judgment of the Supreme Court (Tepedino, J.H.O.) denying plaintiff a divorce, entered December 13, 1991 in Columbia County, upon a decision of the court.

The parties were married in 1967. In early 1987, defendant was a partner in two business ventures, an Italian bakery and delicatessen, as well as a restaurant which he currently owns. At that time, the restaurant began incurring large debts due to management problems. Defendant sought advice from his personal attorney, who suggested that the parties consider the possibility of shielding their personal assets from defendant's business creditors by entering into a separation agreement providing for distribution of the assets to plaintiff. Plaintiff consented to the scheme and defendant contacted the attorney and instructed him to draw up the agreement. The parties executed the separation agreement on June 29, 1987.

In August 1990, plaintiff commenced this action for a divorce upon the ground of the parties having lived separate and apart pursuant to a written separation agreement for a period of one or more years (Domestic Relations Law § 170 [6]). In defense of the action and in support of a counterclaim for declaratory relief, defendant alleged the invalidity of the agreement forming the basis for plaintiff's cause of action. A hearing was held and Supreme Court, finding defendant to be the more credible witness, determined that the purported separation agreement was merely part of a scheme to defraud defendant's business creditors and that when the parties executed the instrument they did not intend it to be a separation agreement within the meaning of the Domestic Relations

Law. Plaintiff appeals from the judgment dismissing the complaint.

We affirm. It is fundamental that, in the absence of the parties' actual separation at the time of execution of a separation agreement or immediately thereafter, a separation agreement is void *ab initio (see, Matter of Wilson,* 50 NY2d 59, 63-65; *Whedon v Whedon,* 247 App Div 463, *appeal dismissed* 272 NY 497) and may not provide the basis for a conversion divorce *(see, supra; Buckley v Buckley,* 142 Misc 2d 560). The " 'vital and operative' " fact in Domestic Relations Law § 170 (6) divorce cases is not the separation agreement, whose function is " 'merely to authenticate the fact of separation' ", but the actual living apart of the parties pursuant to the separation agreement *(Christian v Christian,* 42 NY2d 63, 69, quoting *Gleason v Gleason,* 26 NY2d 28, 37). In this case, the record provides ample support for Supreme Court's factual findings that the parties were not separated at the time of execution of the separation agreement, that they did not at that time intend to live separate and apart, and that they did not actually separate until January 1989.

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.