■ ROSEMARY BERGER, Respondent, v ESTATE OF SHELDON BERGER et al., Appellants. [611 NYS2d 246] —In an action, *inter alia,* to nullify a separation agreement and declare that the plaintiff was entitled to Letters of Administration as the surviving spouse of Sheldon Berger, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated June 2, 1991, which is in favor of the plaintiff and against them.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff and the decedent Sheldon Berger were married in 1971. Towards the end of 1982, the decedent was diagnosed with cancer, and following marital difficulties, a separation agreement was executed in June 1984. After the decedent's death in December 1985, a dispute arose between the plaintiff and the decedent's children from his prior marriage as to the validity of the separation agreement. The plaintiff claimed that the separation agreement had been nullified as a result of a reconciliation between herself and the decedent prior to his death. Thus, she was entitled to Letters of Administration as the surviving spouse.

We agree with the Supreme Court's conclusion that the separation agreement was void based upon the reconciliation between the plaintiff and decedent *(see generally, Matter of Wilson,* 50 NY2d 59, 66-67; *Unanue v Unanue,* 141 AD2d 31, 41; *Rosenhaus v Rosenhaus,* 121 AD2d 707, 708). The trial evidence established that the plaintiff resumed cohabitation with the decedent in January 1985 and lived with him until his death. During the last year of the decedent's life, the plaintiff travelled and attended social gatherings with the decedent and cared for him when he was ill.

To the extent that portions of the plaintiff's testimony were improperly admitted into evidence in violation of CPLR 4519 (the Dead Man's Statute), any error was harmless, as there was ample evidence to support the Supreme Court's findings without resort to the challenged testimony *(see, Matter of LoGuidice,* 186 AD2d 659, 660; *Turner v Danker,* 30 AD2d 564, 564-565). Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.