■ JEANETTE PASQUALE, Also Known as JEAN PASQUALE, Respondent, v JOSEPH PASQUALE, Appellant. [620 NYS2d 95] —In an action to set aside two separation agreements, the defendant appeals from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated March 9, 1993, which denied his motion to dismiss the complaint and granted the plaintiff's cross motion for summary judgment.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that the parties' separation agreements were void based upon the reconciliations between the parties (see, *Berger v Estate of Berger,* 203 AD2d 502; *Matter of Wilson,* 50 NY2d 59; *Rosenhaus v Rosenhaus,* 121 AD2d 707; *Breen v Breen,* 114 AD2d 920). The husband conceded that the parties had reconciled following the first separation agreement. The record also supports the plaintiff's contention that the parties reconciled following the second separation agreement. It is undisputed that less than one year after the second separation agreement was executed, the plaintiff moved back into the marital residence, the parties filed joint tax returns throughout the marriage, they purchased a new home together, the husband paid the parties' expenses, and they socialized as a couple. Under these circumstances, the defendant's allegation that the parties did not resume sexual relations is insufficient to raise a triable issue of fact. Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.