■ Fisher Realty Co., as Assignee of West 24th Owners Corp., Appellant, v Armand Lasky, Defendant. Kalik & Kalik, Nonparty Respondent. [670 NYS2d 101] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about February 10, 1997, which granted the motion of nonparty respondent outgoing attorneys for an order confirming a Special Referee's report, and which accordingly granted nonparty respondent's prior cross motion for a charging and retaining lien to the extent of granting such lien in the amount of $30,000, unanimously affirmed, with costs.

Preliminarily, we note that there was no appeal from the order of reference in which the IAS Court specifically observed that "[t]here is no allegation that plaintiff's outgoing attorneys were discharged for cause" and in which the court, accordingly, expressly limited the scope of the reference to a determination of the reasonable value of outgoing counsel's services (*see, e.g., Teichner v W & J Holsteins*, 64 NY2d 977, 979). The issue, then, as to whether outgoing counsel had been discharged for cause and therefore forfeited compensation is not properly before us and we do not, despite plaintiff's urging, reach it.

Respecting the issues that are properly before us, we agree with the IAS Court that the Special Referee properly took into account the numerous factors pertinent to fixing the fee, on a quantum meruit basis, of outgoing counsel. Although appellant makes extensive factual arguments disputing the findings of the Special Referee, we see no ground to prefer its view of the evidence to that of the Special Referee (*see, Maloku v Nikkah*,

239 AD2d 255), who did not award an excessive amount. To the extent, if any, that the Special Referee misapplied CPLR 4519 (*cf., Kiser v Bailey*, 92 Misc 2d 435), the error was harmless, since the record fully supports the fee figure without the disputed testimony (*see, Berger v Estate of Berger*, 203 AD2d 502). Concur—Lerner, P. J., Milonas, Rosenberger, Nardelli and Williams, JJ.