[676 NYS2d 69]

Daniel P. Klein, Appellant, v Jane Klein, Respondent.

First Department, July 9, 1998

## APPEARANCES OF COUNSEL

*Preston Leschins* of counsel, New York City (*Anzalone & Leschins,* attorneys), for appellant.

*Patrice Genco Nichas,* Staten Island, for respondent.

## OPINION OF THE COURT

RUBIN, J.

At issue in this matrimonial action is the validity of a 1994 separation agreement that provides for payment of only $250 a week in child support and no spousal maintenance. The parties, who have been married approximately 10 years, have one child, who was approximately 9 years old when this action was commenced in or around September 1996. Plaintiff husband is a physician with substantial assets. Defendant, who holds a degree in nursing, has worked only sporadically and has had no independent source of income since her marriage to plaintiff in 1987. Pursuant to the separation agreement at issue, defendant gave up any right, title and interest in a professional cooperative apartment and a residential cooperative apartment, both located in New York City and acquired during the marriage, together with any purported interest in plaintiff's medical practice and other assets, estimated by defendant to have an aggregate value exceeding $4 million. Defendant resides with the parties' daughter in a condominium apartment in Ocean Grove, New Jersey, also purchased by plaintiff during the marriage.

Defendant wife sought to set aside the agreement and to obtain interim maintenance, child support and other economic relief. Defendant asserted that the agreement was manifestly unfair, unreasonable and unconscionable, both when made and at the time of the application. Based upon a 1992 tax return

showing that plaintiff had a net income of $430,000, submitted with her application, defendant noted that the $250 a week in child support provided for in the agreement was less than 1 percent of plaintiff's weekly income. Defendant alleged that she received a single lump-sum payment of $15,000 and the New Jersey condominium (valued at $183,000) and was divested of any interest in the New York residential cooperative apartment (valued at approximately $500,000), the New York commercial cooperative apartment (valued at approximately $350,000), the parties' 401-K plan (worth approximately $250,000) and another $250,000 in savings plans, investments and stocks. The agreement, defendant maintained, gave plaintiff virtually everything while she received little more than a four-room condominium apartment.

Defendant further alleged that, on December 31, 1996, she underwent a single-vessel coronary-artery-bypass operation, with the result that she was rendered unable to work outside the home and was in desperate need of financial support. She asserted that she had no resources to pay for her attorney or for appraisal fees. Defendant's attorney submitted an affidavit in support of the application for the award of attorneys' fees.

Plaintiff husband cross-moved for appointment of a law guardian for his daughter and for her evaluation by a forensic psychiatrist.

In the first order subject to appeal, entered June 19, 1997, Supreme Court denied defendant wife's application to vacate the agreement but granted pendente lite relief of $350 a week in temporary maintenance and $650 a week in interim child support. The order further directs plaintiff husband to pay $20,000 in interim legal fees directly to defendant's attorney, together with $2,000 in interim expert fees to enable defendant to retain the services of an accountant. The court granted plaintiff's cross motion to the extent of appointing a law guardian and an independent expert psychiatrist.

Plaintiff husband then moved for summary judgment granting a divorce and for an expedited hearing on the validity of the 1994 separation agreement. Defendant opposed the application on the ground that plaintiff was thwarting defendant's attempts to obtain disclosure of his financial records. Defendant cross-moved to amend her answer to assert a counterclaim seeking rescission of the separation agreement.

In the second order appealed from, dated October 31, 1997, Supreme Court denied plaintiff's motion for summary judgment, finding that defendant's papers presented the issue of

overreaching with respect to the separation agreement and raised the question of whether the parties had in fact lived separate and apart for a period in excess of one year subsequent to its execution. The court granted defendant leave to amend her answer, stating that plaintiff failed to demonstrate any prejudice that would result from the assertion of a counterclaim for rescission of the agreement. The court further granted defendant's application for pendente lite relief to the extent of granting her leave to enter a money judgment against plaintiff in the amount set forth in a stipulation between the parties and directing plaintiff to pay $553 in medical expenses and $6,500 in counsel fees in connection with enforcement proceedings.

With respect to the June 19, 1997 order, plaintiff limits his arguments on appeal to the award of interim child support and counsel fees. He contends that, in the absence of an unanticipated and unreasonable change in circumstances or a showing that the needs of the child are not being met, interim child support and counsel fees are precluded by the existence of the 1994 separation agreement (citing *Matter of Boden v Boden*, 42 NY2d 210, 213).

It is established that a separation agreement, not invalid on its face, precludes the award of temporary maintenance and interim counsel fees until such agreement is set aside (*Bennett v Bennett*, 56 AD2d 782; *Davis v Davis*, 195 App Div 430; *Burkhardt v Burkhardt*, 28 Misc 2d 976; *Zysman v Zysman*, 140 Misc 617), unless there is evidence that the unsupported spouse is in danger of becoming a public charge (*see*, General Obligations Law § 5-311; *Curran v Curran*, 169 AD2d 975). The enactment of Domestic Relations Law § 236 (B) (6), which sets forth the court's authority to award temporary maintenance in matrimonial actions (*see*, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:15, at 241-242), does not alter the rule, providing, "a. Except where the parties have entered into an agreement pursuant to subdivision three of this part providing for maintenance, in any matrimonial action the court may order temporary maintenance or maintenance in such amount as justice requires".

Supreme Court erred in ignoring the terms of the 1994 separation agreement in awarding temporary relief in contravention of the statute and prevailing case law. The decisions of this Court in *Solomon v Solomon* (224 AD2d 331) and *Tregellas v Tregellas* (169 AD2d 553), upon which Supreme Court

relied, concern the lack of preclusive effect of antenuptial agreements and are therefore inapposite. However, Supreme Court's ruling can be sustained on other grounds.

The separation agreement recites, "Nothing herein shall be construed as a waiver or denial of the right of either party to secure payment of attorneys' fees as provided by law for any breach by the other party of any provision of this Agreement." The agreement expressly contemplates the award of interim counsel fees to effect its enforcement. Moreover, it does not specifically bar recovery of attorneys' fees incurred on matters unrelated to enforcement of its terms. Therefore, it constitutes no bar to the award of attorneys' fees in this case (*see, Fischman v Fischman*, 209 AD2d 916 [parties' statements that they " 'not to go to a divorce attorney' " and that the " 'divorce shall be obtained amicably, and with no further litigation on either side' " do not preclude award of counsel fees]).

The preclusive effect accorded to a provision for child support in a separation agreement (*e.g., Thompson v Thompson*, 91 AD2d 683) is not without limit. As this Court noted in *Bennett v Bennett* (56 AD2d 782, 783, *supra),* "While minor children are not parties to a separation agreement between their parents, and the courts may increase provisions for child support as justice requires (Domestic Relations Law, § 240; *Moat v Moat*, [27 AD2d 895]; *Kulok v Kulok*, [20 AD2d 568]), there is no need to do so where, as in this case, there is an absence of proof that adequate support has not been provided the children." However, plaintiff's reliance upon *Matter of Boden v Boden (supra)* is not entirely appropriate. *Boden* and its progeny address applications to modify separation agreements that have been incorporated, but not merged, into the terms of a divorce decree. Although *Boden* has been applied to pendente lite awards (*see, e.g., Sessa v Sessa*, 84 AD2d 786), it does not address the movant's burden of proof with respect to interim awards when the efficacy of a purported separation agreement is in issue, but "when the dispute is directed solely to readjusting the respective obligations of the parents to support their child" (*Matter of Brescia v Fitts*, 56 NY2d 132, 139).

In the presence of an enforceable separation agreement, the applicant for additional interim child support is required to demonstrate that the needs of the child are not being met (*supra; see also, Ragusa v Capetola*, 199 AD2d 311). However, the separation agreement in this matter is unenforceable for its failure to conform to the requirements of the Domestic Relations Law. Specifically, the 1992 amendment (L 1992, ch 41,

§ 146) to Domestic Relations Law § 240 (1-b) (h) provides: "A validly executed agreement or stipulation voluntarily entered into between the parties after the effective date of this subdivision presented to the court for incorporation in an order or judgment shall include a provision stating that the parties have been advised of the provisions of this subdivision, and that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded. In the event that such agreement or stipulation deviates from the basic child support obligation, the agreement or stipulation must specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount. Such provision may not be waived by either party or counsel. Nothing contained in this subdivision shall be construed to alter the rights of the parties to voluntarily enter into validly executed agreements or stipulations which deviate from the basic child support obligation provided such agreements or stipulations comply with the provisions of this paragraph. The court shall, however, retain discretion with respect to child support pursuant to this section."

The child support provision of the 1994 agreement between the parties states, in conclusory fashion, "In this agreement the provisions for child support have been set in a fair amount based on many considerations including the parties' respective finances and other financial provisions of this Agreement. The custodial parent hereby waives her right to seek child support under the Child Support Standards Act." This language does not comply with the statutory requirement to state the amount of the basic child support obligation or the reason why such amount is not to be paid. Therefore, the child support provisions of the agreement are not enforceable against defendant (*see, Matter of Bill v Bill*, 214 AD2d 84), nor do they limit the power of Supreme Court to award pendente lite relief pursuant to the factors enumerated in Domestic Relations Law § 240 (1-b) (f) (*see, Formato v Formato*, 173 AD2d 274).

Plaintiff also appeals from so much of the October 31, 1997 order as grants defendant disclosure of his financial affairs, arguing that the existence of the separation agreement renders financial disclosure inapplicable (*see, Shiffman v Shiffman*, 57 AD2d 519 [alimony not an issue until support provisions of separation agreement set aside]; *Gleeson v Gleeson*, 69 AD2d 964 [statute requires financial disclosure only where alimony or support in issue], *lv dismissed* 47 NY2d 709). In

*Oberstein v Oberstein* (93 AD2d 374), this Court examined the continued viability of the nondisclosure rule under equitable distribution, deciding (*supra,* at 378-380) that while Domestic Relations Law § 236 (B) (4) continues the prior rule in effect (*see,* Domestic Relations Law former § 250), some modification is required in its application. Where the support or maintenance obligations of the parties are fixed by agreement, "neither support nor maintenance is 'in issue' unless there is a real and legitimate presentation to vacate the support terms of the agreement on the basis of criteria explicitly set forth in the statute" (*supra,* at 380). Therefore, before financial disclosure can be obtained, the moving party must make a prima facie showing that the support provisions of the existing separation agreement should be set aside (*supra,* at 379; *accord, Picciano v Picciano,* 134 AD2d 418 [party to separation agreement seeking financial disclosure must establish a legitimate factual predicate]).

Mere cohabitation subsequent to the execution of a separation agreement is not, in and of itself, sufficient to destroy the validity of the agreement. However, defendant in this case has made a prima facie showing that there was " 'such a resumption of the marital relation as to indicate an intention to abandon the agreement of separation' " (*Rosenhaus v Rosenhaus,* 121 AD2d 707, 708, quoting *Brody v Brody,* 190 App Div 806, 807). As stated by the Appellate Division, Third Department, in *Costa v Costa* (192 AD2d 1034, 1035), "It is fundamental that, in the absence of the parties' actual separation at the time of execution of a separation agreement or immediately thereafter, a separation agreement is void *ab initio*".

Accordingly, the order of the Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 19, 1997, which, to the extent appealed from, as limited by plaintiff's brief, granted defendant wife's application for pendente lite relief to the extent of awarding defendant $650 a week in interim child support and $20,000 in interim counsel fees, should be affirmed, without costs. The order of the same court and Justice, entered on or about October 31, 1997, which, to the extent appealed from, as limited by the brief, granted defendant financial disclosure and awarded an additional $6,500 in counsel fees, should be affirmed, without costs.

LERNER, P. J., ELLERIN, TOM and ANDRIAS, JJ., concur.

Orders, Supreme Court, New York County, entered June 19, 1997 and October 31, 1997, affirmed, without costs.