■ Paul M. Katz, Appellant, v Madeleine D. Beckman, Also Known as Madeleine D. Katz, Respondent. [756 NYS2d 258] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the

Supreme Court, Nassau County (LaMarca, J.), dated June 24, 2002, as denied that branch of his motion which was for summary judgment on his cause of action for a conversion divorce pursuant to Domestic Relations Law § 170 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment on the plaintiff's cause of action for a conversion divorce is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment of divorce.

The husband sought a conversion divorce pursuant to Domestic Relations Law § 170 (6). The parties' separation agreement signed by the husband and wife on April 23, 1991, and April 26, 1991, respectively, provided, in pertinent part: "This Agreement shall not be invalidated or otherwise affected by a reconciliation between the parties hereto, or a resumption of marital relations between them unless said reconciliation or said resumption be documented by a written statement executed and acknowledged by the parties with respect to said reconciliation and resumption and, in addition, setting forth that they are cancelling this Agreement."

When the parties separated in late 1990, the husband rented an apartment in Brooklyn while the wife retained the marital apartment in Manhattan. The husband paid all of the financial obligations imposed on him in the separation agreement. Beginning in the fall of 1991, the parties resumed cohabitation. Over the ensuing approximately nine years, they rented a vacation home and spent three summers together, they went to social events and professional conferences as husband and wife, the husband consistently wrote loving notes and e-mail messages to the wife, the wife became pregnant with the husband's child, they allegedly spent time in both apartments together, he lavished gifts on her, they celebrated the anniversary of their marriage and took vacations together, but, they filed separate tax returns. The relationship seemingly terminated, however, when the husband moved to Reno, Nevada, and the wife refused to join him.

Shortly before commencing this action, the parties signed and separately notarized a "Memorandum of Agreement of Separation" (hereinafter the Memorandum) dated January 25, 2001, acknowledging the existence of the separation agreement. After issue was joined in this action, the husband, relying on the separation agreement and particularly its language limiting reconciliation to a written document, moved, inter alia, for summary judgment on his cause of action for a conversion

divorce. The Supreme Court denied the motion, finding a triable issue of fact as to whether the parties had resumed the marital relationship and thereby abandoned the separation agreement.

The husband established a prima facie right to summary judgment based on the separation agreement, the absence of a document of reconciliation or resumption of the marital relationship, and the Memorandum (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The burden then shifted to the wife to produce sufficient evidence to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Unquestionably, the wife's detailed evidence establishes a reconciliation (*see Mullen v Mullen,* 260 AD2d 452 [1999] [the parties resided together for seven years after signing the agreement, vacationed together, and engaged in sexual relations, thus evincing an intent to abandon their agreement]; *Pasquale v Pasquale,* 210 AD2d 387 [1994] [the plaintiff moved back to the marital residence, the parties filed joint tax returns and bought a new home together, the husband paid their expenses and they socialized as a couple].

However, the wife signed the Memorandum after the reconciliation. She acknowledged her execution of it before a notary public in New York County. The husband separately acknowledged his signature before a notary qualified in Kings County. Nowhere in the record did the wife explain why, if she and the husband had intended to abandon the separation agreement by resuming marital relations, she signed a memorandum acknowledging the existence of the separation agreement nine years later. Her execution of the Memorandum is fatal to her defense of a reconciliation that constituted a mutually-intended abandonment of the separation agreement.

Accordingly, the Supreme Court should have granted that branch of the husband's motion which was for summary judgment on his cause of action for a conversion divorce. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.