■ In the Matter of the Estate of HENRY F. BRITCHER, Deceased. FLEET NATIONAL BANK, Appellant; PHYLLIS C. BRITCHER, Respondent; JOSEPH S. DERRY, JR., ESQ., Guardian ad Litem. [833 NYS2d 332]—

Appeal from an order of the Surrogate's Court, Oneida County (John G. Ringrose, S.), entered December 23, 2005. The order denied petitioner's motion for summary judgment dismissing respondent's notices of election and granted respondent's cross motion for summary judgment dismissing the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, executor of the estate of decedent Henry F. Britcher, commenced this proceeding to determine the validity of the notices of election of respondent, decedent's widow, to take against decedent's will. Surrogate's Court properly denied petitioner's motion for summary judgment dismissing the notices of election and properly granted respondent's cross motion for summary judgment dismissing the petition. It is undisputed that, although respondent and decedent entered into a separation agreement in 1988 that included a waiver of estate rights, they never divorced and in fact reconciled and resumed their marital relationship in 1995. From 1995 through decedent's death in 2004, respondent and decedent lived together as a married couple and, in doing so, manifested their intention "to void the [separation] agreement in its entirety" (*Matter of Wilson*, 50 NY2d 59, 66 [1980]). We reject the contention of petitioner that General Obligations Law § 15-301 (2) requires enforcement of the separation agreement provision providing that the agreement shall not be invalidated without a subsequent writing, and therefore that the waiver of estate rights provision remains valid because there is no such writing. The provision in the separation agreement providing that the agreement shall not be invalidated without a subsequent writing is itself void and cannot be taken to render specific provisions of the agreement independently enforceable where, as here, the "agreement itself, rather than any of its components, is brought to an end" (*Wilson*, 50 NY2d at 66). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.