CHRISTINA M. ABBEY, Formerly Known as CHRISTINA MARIE MEAGHER, Appellant-Respondent, v SEAN FRANCIS MEAGHER, Respondent-Appellant. [913 NYS2d 369]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered May 29, 2009 in Saratoga County, which, among other things, denied plaintiff's motion for, among other things, the appointment of a receiver, and (2) from an order of said court, entered December 9, 2009 in Saratoga County, which partially granted plaintiff's motion for, among other things, pendente lite relief.

In February 2005, the parties entered a settlement stipulation, which was subsequently incorporated but not merged into the judgment of divorce. The stipulation addressed, among other things, the division of the marital assets and provided that defendant was to pay $30,000 to plaintiff for her interest in certain marital property, including the marital residence, adjacent rental properties and a restaurant. The stipulation also specifically provided that, in the event of one party's breach, the other party had the right to rescind the agreement.

Plaintiff commenced the instant action in August 2008, seeking partial rescission and/or reformation of the parties' stipulation, alleging causes of action based in fraud and breach of contract, and requesting that the issue of equitable distribution be revisited. Among other things, plaintiff alleged that defendant had concealed marital assets from her as evidenced by his purchase of the restaurant and an adjacent marina soon after the parties' divorce became final. In January 2009, plaintiff moved, by order to show cause, for various interim relief, including the appointment of a receiver and temporary maintenance. In opposition, defendant agreed to pay to plaintiff the money he owed to her pursuant to the stipulation. Thereafter, by order

entered May 29, 2009, Supreme Court directed defendant to comply with the terms of the stipulation within 30 days by paying plaintiff the amount owed, with interest, awarded plaintiff costs and counsel fees, but denied the interim relief that she had requested. Plaintiff appeals from this order.

In August 2009, plaintiff again moved, by order to show cause, to hold defendant in contempt of the May 2009 order, alleging that he failed to pay her the amount owed under the terms of the stipulation. She also sought the same interim relief previously requested. Plaintiff further requested that the instant action be restored to Supreme Court's calendar. By order entered December 9, 2009, the court denied the part of the order to show cause seeking an order of contempt, but granted that part of the motion to reinstate the action. The court also prohibited defendant from transferring or encumbering any marital property, directed defendant to provide an accounting and an appraisal of the marital property—including the restaurant and marina—directed the rental income generated from the rental properties to be paid to plaintiff, and awarded plaintiff temporary maintenance and counsel fees. Defendant appeals from this order.[1]

Initially, we agree with defendant that plaintiff is not entitled to an award of temporary maintenance, rental income, costs or counsel fees. In this action to rescind the parties' stipulation of settlement—which was incorporated but not merged into the judgment of divorce—such relief is not available to plaintiff until or unless the stipulation is set aside (see *Klein v Klein*, 246 AD2d 195, 198 [1998]; *Moat v Moat*, 27 AD2d 895, 896 [1967]; *see also Fine v Fine*, 26 AD3d 406, 407 [2006]; *Demis v Demis*, 155 AD2d 790, 791 [1989]). Further, plaintiff did not allege in her motion papers that temporary maintenance was necessary to prevent her from becoming a public charge, and there is insufficient evidence in the record to support such a finding (see *Klein v Klein*, 246 AD2d at 198; *see also* General Obligations Law § 5-311).[2]

However, in light of Supreme Court's direction that the underlying action is to be restored to the trial calendar, it was

---

1. This Court denied defendant's motion for a stay pending appeal and denied plaintiff's motion to dismiss defendant's appeal.

2. While plaintiff averred in her affidavit supporting the January 2009 order to show cause that she had been receiving public assistance since October 2003, her statement of net worth, which was completed contemporaneously with the affidavit and uses her 2007 income tax return, does not show public assistance income. Further, there is evidence in the record that in 2008, plaintiff had income from employment of more than $25,000.

not an abuse of discretion for the court to order discovery in the nature of an accounting and appraisal of the restaurant and marina (*see Cerasaro v Cerasaro*, 9 AD3d 663, 664 [2004]), particularly considering that the financial information regarding defendant's purchase of those properties is necessary for the court to determine whether they are marital or separate property (*see e.g. French v French*, 288 AD2d 256, 256-257 [2001]; *see also Altenkirch v Altenkirch*, 225 AD2d 725, 725 [1996]). Finally, contrary to plaintiff's contention, the court did not abuse its discretion by not appointing a receiver for, or ordering the sequestration of, the restaurant and marina inasmuch as she did not make a "clear showing" that such relief was necessary to protect her potential interest in those properties (*Iannone v Iannone*, 31 AD3d 713, 715 [2006]; *see* Domestic Relations Law § 243).

To the extent not specifically addressed herein, the parties' remaining contentions have been considered and found to be unpersuasive.

Cardona, P.J., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order entered May 29, 2009 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for costs and counsel fees; motion denied to said extent; and, as so modified, affirmed. Ordered that the order entered December 9, 2009 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for temporary maintenance, rental income and counsel fees; motion denied to said extent; and, as so modified, affirmed.