Martin v Martin (2019 NY Slip Op 09345)





Martin v Martin


2019 NY Slip Op 09345


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528340

[*1]Lynn A. Martin, Appellant,
v
Philip E. Martin, Respondent.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh (Theresa R. Cayton of counsel), for appellant.
Bloom & Bloom, PC, New Windsor (Peter E. Bloom of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered November 8, 2018 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1991. They executed a separation agreement in 2005 that provided for the distribution of their assets, but continued to live together until 2015. The wife commenced this action in October 2015, with the husband answering and counterclaiming for various relief that included a declaration that the separation agreement was void. The parties stipulated that their relationship had "broken down irretrievably for a period of at least six months," and a bench trial was conducted to determine the validity of the agreement and issues of equitable distribution (Domestic Relations Law § 170 [7]). Supreme Court thereafter issued a decision in which it determined that the parties' separation agreement was void and distributed the marital assets and debts. Supreme Court further awarded the husband $25,000 in counsel fees. The wife appeals from the judgment entered thereon.
First, Supreme Court properly found that the separation agreement was void. "It is fundamental that, in the absence of the parties' actual separation at the time of execution of a separation agreement or immediately thereafter, a separation agreement is void ab initio" (Costa v Costa, 192 AD2d 1034, 1035 [1993] [citation omitted]; see Matter of Wilson, 50 NY2d 59, 66 [1980]). The parties lived together for a decade after entering into the separation agreement and, although more than "[m]ere cohabitation" was required to render the agreement void (Rosenhaus v Rosenhaus, 121 AD2d 707, 708 [1986], lv dismissed 68 NY2d 997 [1986]), they also filed joint tax returns, maintained a joint checking account and had joint credit cards. Supreme Court further credited the testimony of the husband that the parties lived as a married couple and that the wife handled their financial affairs throughout that period, as well as that they only executed the separation agreement so that the wife could take out more college loans for her daughters from a previous marriage. According Supreme Court the "great deference in the resolution of credibility issues" to which it is entitled (Delliveneri v Delliveneri, 274 AD2d 798, 798 [2000], lv denied 95 NY2d 767 [2000]), we agree with its finding that the parties maintained the marital relationship and "manifest[ed] an intention to void the agreement in its entirety" (Matter of Wilson, 50 NY2d at 66; see Rosner v Rosner, 66 AD3d 983, 984 [2009]; Rudansky v Rudansky, 223 AD2d 500, 500-501 [1996]; Pasquale v Pasquale, 210 AD2d 387, 387 [1994]).[FN1]
In the absence of a valid separation agreement, "'Supreme Court has substantial discretion in determining the fair and equitable distribution of marital property under the circumstances, and its award will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors' under Domestic Relations Law § 236 (B) (5) (d)" (Mack v Mack, 169 AD3d 1214, 1216 [2019], quoting DeSouza v DeSouza, 163 AD3d 1185, 1190 [2018]; see Button v Button, 165 AD3d 1528, 1530 [2018]). The wife attacks certain findings of bad behavior on her part that resulted in directions to pay the husband certain sums of money, some of which have merit. Initially, Supreme Court found that the wife wastefully dissipated or improperly transferred marital funds that she deposited in a separate account around the time this action was commenced, but such was an abuse of discretion insofar as $15,000 of the funds were legitimately paid to her trial counsel (see Domestic Relations Law § 236 [B] [2] [b] [1]; Alecca v Alecca, 111 AD3d 1127, 1129 [2013]; Harbour v Harbour, 227 AD2d 882, 883-884 [1996]). Supreme Court also erred in determining that the wife improperly used marital assets to pay her daughter's car loan, as the trial testimony, including that of the husband, indicated that the wife was using the vehicle during that period and later sold it (see Carvalho v Carvalho, 140 AD3d 1544, 1545-1546 [2016]; Biagiotti v Biagiotti, 97 AD3d 941, 944-945 [2012]). Supreme Court did, however, providently direct the wife to pay over to the husband marital funds that she retrieved from a home heating oil escrow account after the commencement of this action, wrongful conduct that violated the automatic orders imposed by statute and endangered the marital residence as winter approached (see Maggiore v Maggiore, 91 AD3d 1096, 1097 [2012]; see also Domestic Relations Law § 236 [B] [2] [b] [1]; 22 NYCRR 202.16-a [c] [1]).
As for the wife's remaining contentions, Supreme Court did not abuse its discretion by requiring her to carry $150,000 in life insurance for the husband's benefit until the distributive award is paid in full (see Domestic Relations Law § 236 [B] [8] [a]; Hartog v Hartog, 85 NY2d 36, 50 [1995]). Next, there is a rebuttable presumption that counsel fees shall be awarded to the husband as the less monied spouse (see Domestic Relations Law § 237 [a]). After reviewing the financial circumstances of the parties, the relative merits of their legal claims, the legal services rendered and what Supreme Court described as the wife's efforts to use her superior knowledge of the parties' finances "to obtain leverage" over the husband, we cannot say that Supreme Court abused its discretion in awarding the husband $25,000 in counsel fees (see Gordon-Medley v Medley, 160 AD3d 1146, 1148-1149 [2018]; Lowe v Lowe, 123 AD3d 1207, 1211 [2014]). Finally, Supreme Court was within its right to direct that the distributive award to the husband be reduced to a money judgment and authorize a qualified domestic relations order so that those monies could be deducted from the wife's pension (see Domestic Relations Law § 236 [B] [9] [a]; Keegan v Keegan, 204 AD2d 606, 608 [1994]).
Egan Jr., J.P., Clark and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by (1) reversing so much thereof as awarded defendant $3,576 as a distributive award for automobile loan payments made by plaintiff and (2) reducing the distributive award to defendant relating to marital assets converted from plaintiff's VOYA account to $2,706.90, and, as so modified, affirmed.



Footnotes

Footnote 1: To the extent that the wife raises the issue, "[t]he provision in the separation agreement providing that the agreement shall not be invalidated without a subsequent writing is itself void . . . where, as here, the 'agreement itself, rather than any of its components, is brought to an end'" (Matter of Britcher, 38 AD3d 1223, 1223 [2007], quoting Matter of Wilson, 50 NY2d at 66; cf. Sifre v Sifre, 61 AD3d 1324, 1325 [2009]).